**McCORMICK et ux. v. WEST TEXAS LUMBER CO.**

No. 7812.

Court of Civil Appeals of Texas. Austin.

Nov. 30, 1932.

Kerr & Gayer, of San Angelo, for appellants.

Upton & Upton, of San Angelo, for appellee.

BAUGH, J.

Appeal is from an order of the district court overruling appellants' plea of privilege to be sued in Schleicher county, the place of their residence.

Appellee sued appellants on two promissory notes executed by them, payable to the order of appellee, in Tom Green county, and for foreclosure of deed of trust lien executed by them on real estate in Schleicher county, to secure the payment of these notes. Appellants' plea of privilege was duly controverted by appellee. Upon the trial of the issue of venue, appellee proved the execution and delivery of the notes, and that they were payable in Tom Green county. Appellants thereupon offered in evidence a release executed by appellee, acknowledging payment of the notes and releasing the lien sought to be foreclosed, which had been executed prior to the filing of the suit, and had been duly recorded in Schleicher county. This evidence was excluded by the trial court, and exception duly taken.

It is the contention of the appellants that this evidence should have been admitted, and that if it had been admitted would have shown that venue did not lie in Tom Green county.

We do not agree with this contention. Appellants admitted upon the trial the execution of the notes, and that they were payable in Tom Green county. The testimony offered was tantamount to a plea of payment, which was clearly a matter going to the merits of the suit and not determinative of the proper forum in which the suit could be brought. When the appellee proved the execution and delivery to it of a written instrument payable in Tom Green county, it rebutted the prima facie case authorizing transfer of the suit made by the plea of privilege. All matters, therefore, relating to payment of such notes, failure of consideration, or breach of contract otherwise, were matters of defense to the merits of the suit and not pertinent to the issue of venue. Had this testimony been admitted on the issue of venue, the appellee would doubtless have countered that the notes had not in fact been paid, and the question of whether anything was yet due upon them would then have been litigated on the issue of venue. In other words, it would have been necessary to have tried the case on its merits on the issue of venue. This the statute does not contemplate and the authorities do not sustain. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.(2d) 810; Davis v. Texas Life Ins. Co. (Tex. Civ. App.) 22 S.W.(2d) 960.

In testing the issue of venue the contract sued upon must be looked to alone to determine that question, where undeniably executed by the parties to the suit. Russell v. Green (Tex. Civ. App.) 214 S. W. 448. And when looked to in this case it affirmatively appears that the district court of Tom Green county was the proper tribunal in which to try the case. The judgment of the trial court is therefore affirmed.