## DAVENPORT v. WOOD MOTOR CO. et al.
## No. 8654.

Court of Civil Appeals of Texas. Austin.
July 14, 1937.

Wm. E. Davenport and T. R. Johnston, both of San Angelo, for appellant.

S. L. Lewis, of Dallas, for appellees.

McCLENDON, Justice.

Appeal from two interlocutory orders of the county court; one refusing a temporary injunction to restrain appellee motor company from seizing appellant's automobile; the other granting appellee motor company's application for a receiver of the automobile.

■ Since the case is one in which the jurisdiction of this court is final, and the questions involved in the injunction proceeding are of slight, if any, importance beyond the instant case, we deem it necessary only to state that we have carefully considered the entire record and have reached the conclusion that the injunction was improperly denied.

■ As to the receivership issue, we are clear in the view that the court erred in granting the motion. In its answer the motor company sought to enforce a chattel mortgage on the automobile, alleging the amount of its mortgage debt as $420.50, and the "reasonable and probable value" of the automobile as $400. The only interest the motor company has in the automobile is to subject it to the payment of its debt; and the only purpose of the receivership was to preserve the property to that end pending the foreclosure suit. Our sequestration statutes afford ample legal remedy to mortgagees in this regard; and protect the mortgagor by affording him the right to replevy the sequestered property. Receivership is one of the harshest remedies known to the law, and should never be awarded where adequate legal or less onerous equitable remedy is available. Shell Petroleum Corp. v. State (Tex.Civ.App.) 86 S.W.(2d) 245. Moreover, the applicant for receiver is not required to give bond indemnifying the owner of the property, in case the application is improperly granted. It was frankly admitted by the motor company's counsel upon the submission that the receivership was applied for to prevent appellant from retaining possession of his property under any circumstances pending the litigation. This, in view of the fact that appeal does not lie from an interlocutory order of the county court appointing a receiver. R.S. art. 2250; Muela v. Moye (Tex.Civ.App.) 185 S.W. 331; Dawson v. Heid Bros. (Tex. Civ.App.) 94 S.W.(2d) 201. While the statute is so written, and we are bound to follow it, we cannot refrain from observing that it should be amended in the interest of a proper administration of justice to afford the same remedy in county court cases as is afforded in those brought in the district courts, especially so since abuse of the remedy as an instrument of oppression may sometimes be employed against a class of litigants in the county court more unfortunately circumstanced and less able to protect their rights than those whose claims or property values fall within the jurisdiction of the district courts.

In so far as the appeal is from the order appointing a receiver, it is dismissed for want of jurisdiction. The temporary injunction is granted as prayed for pending

final judgment upon the merits of the case in the county court; conditioned, however, upon appellant's filing within fifteen days a bond in the sum of $800, conditioned and approved as required by law. Such temporary injunction is hereby made operative also against the receiver appointed by the county court. The temporary injunction heretofore granted by this court is continued for fifteen days pending filing of the bond above required. The motor company's right to dismiss the receivership and replevy the mortgaged property is in no way prejudiced by this judgment.

Appeal from order appointing receiver dismissed; temporary injunction granted.