## SELECT INV. CO. v. CLOUD.
### No. 8813.

Court of Civil Appeals of Texas. Austin.

Sept. 28, 1938.

Rehearing Denied Oct. 26, 1938.

Dallas C. Biggers and Ralph D. Baker, both of Dallas, for appellant.

M. S. Munson, Jr., of Wharton, for appellee.

McCLENDON, Chief Justice.

Appeal from an interlocutory order overruling a plea of privilege under which appellant sought to change the venue to the county of its residence (Dallas).

Controverting the plea appellee asserted that venue properly lay in Wharton County under R.C.S., Art. 1995, subd. 3 (appellant being a corporation), on two grounds: (1) that the cause of action (conversion of appellee's automobile) arose, in part at least, in Wharton County; and (2) that appellant had a "representative" in Wharton County. Whether appellee's proof sustained either of these grounds controls the appeal.

Pertinent to the first ground the facts are these: July 21, 1937, appellee purchased the automobile of Forgason Insurance Agency at Wharton, executing in part payment his negotiable promissory note payable to the order of said Agency and in the same instrument securing the note by chattel mortgage on the automobile. The same day the Agency transferred the note by written endorsement without recourse, but with guaranty of the mortgage lien to appellant. December 20, 1937, appellant sued appellee in the county court of Dallas County upon the note and to foreclose the mortgage. The same day, upon appellant's ex parte application, the Dallas court appointed a receiver of the automobile who took it into his possession in Wharton County. Judgment against appellee by default was rendered by the Dallas court March 10, 1938, awarding to appellant recovery upon the note and foreclosure of the mortgage lien, the judgment reciting and the proof otherwise showing proper service upon appellee. The instant suit was filed by appellee against appellant December 31, 1937, the conversion being predicated upon the assertion, supported by evidence, that the mortgage note had been materially altered after execution by appellee and was therefore void, in that the description of the automobile had been changed. Specifically the original description reading a "1937 85 Ford 2–D–Sedan, Motor No. 18–3986024" was altered to read "1937 85 Ford M De Luxe Tudor Serial No. 3 G A 07 Motor No. 916199." The latter description accorded with that of the automobile in question and of that in the proceedings in the Dallas county suit. The conversion of the automobile consisted in the act of the receiver in taking it into his possession under authority of the court order passed upon application of appellant in a suit brought upon an assertedly void mortgage. Our views regarding the pro-

priety of appointing receivers in cases of this character will be found in Davenport v. Motor Co., Tex.Civ.App., 107 S.W.2d 1093. However, the propriety of the order cannot be inquired into in this proceeding. The Dallas court clearly had jurisdiction over the subject matter of the suit which jurisdiction included the power to appoint a receiver. This jurisdiction in no way depended upon the merits of the suit—in this instance, whether the mortgage sued on was valid. The propriety of the order and the validity of the mortgage were matters which could not be inquired into in a collateral proceeding.

■ Nor is it material that at the time appellee brought this suit judgment had not been rendered in the Dallas court. Appellee's asserted cause of action constituted a tort, a wrongful act. To constitute the act of the receiver wrongful it must have been committed without legal justification. The record conclusively shows that this act was in every way lawful, and therefore not wrongful, in that it was done in obedience to an order of the Dallas court, the validity of which cannot be inquired into in this case.

■ These conclusions are so well established that citation of precedent is unnecessary. Nor is it necessary to cite authority upon the proposition that in order to support venue upon the ground of a wrongful act committed by a corporation in the county where suit is brought it is essential to show that there was a wrongful act committed and that it was committed in such county. The evidence showing, as it did, that the act complained of was not wrongful appellee failed to support venue upon the first above ground. This conclusion is wholly independent of the question whether the act of the receiver in taking charge of the property was imputable to appellant as instigator of the receivership.

Appellee relies upon the case of McCormick v. Lumber Co., Tex.Civ.App., 55 S.W. 2d 191. That was a suit upon a promissory note payable in the county of suit. Proof of the execution of the note was made. This supported the venue. Defendant offered a release acknowledging payment of the note, clearly a defensive matter having no bearing upon the issue of venue. Here the ground of venue is an unlawful act committed in the county, a fact essential to support venue, and a fact which the evidence showed did not exist. The distinction is obvious.

■ The only evidence offered in support of the second ground—that appellant had a representative in Wharton County—was the mortgage note. This instrument was upon a printed form evidently furnished by appellant. The body of the note provided that it was "payable at the office of Select Investment Company, Dallas, Texas." On the back of the instrument were two forms of printed endorsement for transfer to appellant, one guaranteeing payment of the note and validity of the mortgage, the other "without recourse" but guaranteeing validity of the mortgage. Under each form of transfer were two lines for signature. Under the top line was printed the word "Agent"; the bottom line was preceded by the word "By." The transfer to appellant was made on the second, "without recourse," form. Appellee's petition, which was introduced in evidence, alleged that Forgason Insurance Agency acted in the matter as agent of appellant. In this connection we quote from appellee's brief: "Most of its (appellant's) argument is directed to the proposition that the plaintiff's petition and controverting affidavit, which were introduced in evidence, were not proof of the allegations therein contained. This we cheerfully admit, and for appellant's enlightenment will state that they were not introduced for this purpose, but for the purpose of proving the nature of plaintiff's case, and that as such they were clearly admissible."

Appellee's contention is that the fact that the mortgage note was upon one of appellant's printed forms, that it was payable at appellant's office in Dallas, and that the transfer was signed "Forgason Insurance Agency, Agent, By H. G. Forgason," established as a fact that the Insurance Agency was the agent of appellant. With this we do not agree. While the above facts are consistent with such agency, they are equally consistent with another quite plausible theory, namely: that under some arrangement between appellant and the Insurance Agency, appellant was purchasing the agency's automobile paper, a custom quite general in the automobile agency business. The fact that appellant had printed forms of automobile mortgage notes indicated that appellant was in the business of handling this character of paper; and the fact the Insurance Agency used this

form of note indicated that it expected appellant to acquire the note under some existing arrangement or agreement. It was not evidence of the relation of principal and agent, an essential fact the burden to establish which rested upon appellee. Nor was the fact that the word "agent" appeared after the Agency's signature proof of such relationship between appellant and the Agency. At most it indicated that the Agency was agent for someone. It would require resort to mere surmise to identify this someone with appellant, and surmise is not proof.

The order appealed from is reversed and the cause remanded to the trial court with instructions to change the venue to Dallas County.

Reversed and remanded.