## VICTORIA BANK & TRUST COMPANY V. HONORABLE W. E. MONTEITH ET AL.

No. 7735. Decided December 31, 1941.
Rehearing overruled January 28, 1942.
(158 S. W., 2d Series, 63.)

<caption>217</caption>

*J. V. Vandenberge, Jr., Crain, Vanderberge & Stofer,* all of Victoria for relator.

On the question of venue, and conversion of stock. Cook v. Guzman, 19 S. W. (2d) 855; Chicago Bridge & Iron Co. v. Bailey, 44 S. W. (2d) 452; Gillette v. Houston Natl. Bank, 139 S. W. (2d) 646; Sackenreuther v. Winston, 137 S. W. (2d) 93.

*Edwards S. Boyles, Bennett Lay, Willard L. Russell,* all of Houston, for respondents.

On the question of conversion. 11 Fletcher on Corps. 160; Neyland v. Brammer, 73 S. W. (2d) 884; Phillips v. Citizens Natl. Bank, 15 S. W. (2d) 550.

On the venue question. Kirby v. Fitzgerald, 35 S. W. (2d) 763; 33 Tex. Jur. 431; Stayton's Method of Practice in Texas Courts, page 138.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

At a former term the court granted the motion of relator, Victoria Bank & Trust Company, for leave to file a petition for mandamus against the Court of Civil Appeals for the First Supreme Judicial District to require it to certify certain questions of law alleged to have been decided by that court in conflict with prior decisions of this court and of some of the Courts of Civil Appeals. In accordance with the provisions of Rule 475* of the Texas Rules of Civil Procedure (New Rules), the cause has been submitted, and presented by briefs and oral argument, both on the question whether there are conflicts and on the merits of the questions involved in the conflicts.

The decisions of the Court of Civil Appeals questioned by the petition were made in an appeal to that court by Allison and others, co-respondents herein, from an order of the district court of Harris County sustaining the plea of privilege of Victoria Bank & Trust Company, relator herein, to be sued in Victoria County, the place of its domicile, in a suit in which Allison and others sought recovery of damages against Victoria Bank & Trust Company on account of alleged conversion of 513 shares of stock. The Court of Civil Appeals reversed the trial court's order and remanded the cause with instructions to retain the venue in Harris County. 138 S. W. (2d) 151.

The first conflict alleged in the petition for the writ is that the ruling of the Court of Civil Appeals that the allegations in the controverting affidavit filed by respondents Allison and others are sufficient is in conflict with several decisions of this court and of the Courts of Civil Appeals which holds that similar allegations, mere conclusions of the pleader, are insufficient because they are not specific allegations of the facts

---

*136 Texas 587.

relied upon to confer venue as required by Article 2007 of the Revised Civil Statutes.

The gist of the cause of action alleged in the petition in district court is that Allison and others, as owners of corporate stock of Humble Oil & Refining Company represented by certificates aggregating 513 shares, delivered the certificates to Sterling & Baker, brokers, as security for the accounts of such stockholders with said brokers; that Sterling & Baker, without authority, pledged the certificates of stock to secure a loan made to them by Victoria Bank & Trust Company, the loan being made through its correspondent, Houston National Bank, in Harris County, to which the certificates of stock were delivered; that the shares of stock were sold at the direction of the Victoria bank and the proceeds were applied by relator to the satisfaction of the loan that it had made to Sterling & Baker; and that by accepting and holding the stock as security for Sterling & Baker's note and by causing the stock to be sold for the payment of that note, relator unlawfully converted the stock to its own use.

The suit having been filed in Harris County, relator, defendant in district court, filed in statutory form its plea of privilege to be sued in the county of its residence. Respondents Allison and others, plaintiffs in district court, filed their controverting affidavit, duly verified, which denied the allegations of the plea of privilege and then sets out in full the plaintiff's petition. Immediately after the copy of the petition in the controverting affidavit is the averment that the allegations of such petition are true and correct. Then follow the concluding paragraphs of the controverting affidavit, by which plaintiffs Allison et al invoke the particular exceptions to Article 1995 upon which they rely for venue in Harris County. These paragraphs are as follows:

"Such allegations show and aver, and it is a fact, that the defendant committed, within the meaning of exception 9 to Article 1995 of Vernon's Annotated Civil Statutes, a trespass in Harris County, Texas, on plaintiffs' personal property situated in Harris County, Texas. Section 9 of Article 1995 reads as follows:

" 'Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense or trespass was committed, or in the county where the defendant has his domicile.'

'Such allegations show and aver, and it is a fact, that the defendant is a private corporation and that the cause of action, or a part thereof arose, within the meaning of exception 23 to Article 1995 of Vernon's Annotated Civil Statutes, in Harris County, Texas. Section 23 of Article 1995 reads as follows:

" 'Corporations and assiciations.—Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agent or representative, or in which its principal office is situated. * * *'."

■ Relator, in contending that the ruling of the Court of Civil Appeals with respect to the sufficiency of the controverting affidavit conflicts with the recisions which condemn conclusions in such pleading, treats the paragraphs last above quoted from the controverting affidavit, together with similar paragraphs in the body of the petition copied in the affidavit, as the only venue allegations contained in the pleading, disregarding the detailed averments of facts contained in the petition made a part of the affidavit. While the concluding paragraphs of the controverting affidavit above quoted, alleging as grounds of venue trespass committed in Harris County (under subdivision No. 9) and the arising of the cause of action or a part thereof in Harris County (under subdivision No. 23), are conclusions and not specific allegations of fact, it plainly appears from the references in those paragraphs to the allegations of the petition copied in the controverting affidavit that the facts particularly averred in the petition are intended by the pleader to be taken and considered as specific facts showing that trespass was committed in Harris County and that the cause of action or a part thereof arose in Harris County. In none of the cases cited by relator as conflicting with the ruling of the Court of Civil Appeals on this point were the specific allegations of fact contained in the petition thus incorporated in and made a part of the controverting affidavit. We conclude, therefore, as to the first question presented by the petition, that conflict of decision is not shown. We do not mean by what has been said to hold that the facts alleged in the petition, if assumed to be true, show either that trespass was committed in Harris County or that a cause of action or a part thereof arose in Harris County. Our decision is that the controverting affidavit specifically alleges the facts relied upon to bring the case within the two exceptions and that the ruling of the Court of Civil Appeals

sustaining the sufficiency of the pleading is therefore not in conflict with decisions condemning allegations which are mere conclusions drawn from specific facts not disclosed.

The second and third questions of conflict raised relate to the decision of the Court of Civil Appeals that venue of the suit lies in Harris County because the Victoria bank has an agency or representative in that county, that is, that Allison and others, plaintiffs in trial court, sufficiently alleged and sufficiently proved such fact. Three contentions are made by the relator with respect to this ruling. They are: first, that respondents Allison and others did not plead as a venue fact, or as a fact relied upon to bring the case within an exception to the statute, that the Victoria bank had an agency or representative in Harris County; second, that no evidence whatever was offered tending to prove that the Victoria bank had an agent or representative in Harris County at the time the suit was filed; and third, that the relation shown to exist between the Victoria bank and the Houston National Bank when the cause of action is alleged to have arisen, being that merely of one bank acting as correspondent for the other, is not such general, fixed or permanent agency as is contemplated by subdivision 23 of Article 1995.

■ The first of these contentions is sustained. The controverting affidavit contains nothing to indicate that the plaintiffs intended to rely, in order to maintain venue in Harris County, upon that part of subdivision 23 of Article 1995 which provides that suit may be brought against a private corporation in any county in which it has an agent or representative. On the contrary, the substance of the paragraphs of the controverting affidavit which invoke the particular exceptions to Article 1995 relied upon for venue in Harris County and which have been quoted above, is that the suit is for trespass committed in Harris County, and further that the defendant is a private corporation and that the cause of action, or a part thereof, arose in Harris County. The fact that the plaintiffs for venue in Harris County pleaded only the two grounds above stated clearly appears also from the last paragraph of plaintiffs' petition, made a part of the affidavit. That paragraph is: "The defendant is a private corporation and the cause of action alleged, which is based on a conversion and a trespass by the defendant, arose in its entirety in Harris County, Texas; and this Honorable Court, therefore, has venue of this action under

subdivisions 9 and 23, Article 1995 of the Revised Civil Statutes of Texas."

The decision of the Court of Civil Appeals that venue of the suit lies in Harris County because the Victoria bank had an agency or representative in that county, when such fact is not alleged as a ground for venue, is necessarily in direct conflict with A. H. Belo Corp. v. Blanton, 133 Texas 391, 129 S. W. (2d) 619, Compton v. Elliott, 126 Texas 232, 88 S. W (2d) 91, and other decisions, which hold that when a defendant has filed a plea of privilege in statutory from the plaintiff, if he desires to controvert the plea of privilege, must both plead specifically and prove the facts relied upon to bring the case within one of the exceptions.

It is unnecessary to consider the other two contentions made by relator with respect to the ruling of the Court of Civil Appeals on the question of agency. Such contentions relate to the proof made. Whatever the proof may have been, venue cannot be retained in Harris County under an exception not invoked, or upon a venue fact not alleged as such, in the controverting affidavit.

■ The petition for the writ alleges several conflicts with prior opinions in the decision of the Court of Civil Appeals that venue lies in Harris County because the cause of action, or a part thereof, is shown to have arisen in that county. As we understand the opinion of the Court of Civil Appeals, it does not hold that a plaintiff, who asserts venue under the exception in subdivision 23 which permits suit to be filed in the county where the cause of action, or a part thereof, arose, must prove that he has a cause of action against the defendant, but it holds that he is required only to make "a prima facie case" under the exception or to prove that the acts or transactions, or a part of them, alleged as forming the basis of the cause of action were performed, or had, in the county where the suit was filed.

Such decision is in conflict with A. H. Belo Corp. v. Blanton, 133 Texas 391, 129 S.W. (2d) 91. See laso The Brown Express, Inc., v. Arnold, 138 Texas 70, 157 S. W. (2d) 138; Heard & Heard v. Kuhnert, 155 S. W. (2d) 817. In the Blanton case venue was sought to be maintained in the county of plaintiff's residence under that part of subdivision 29 of Article 1995, which permits a suit for damages for libel or slander to be brought in the county in which the plaintiff resided "at the

time of the accrual of the cause of action." The court held that the requirements of Article 2007 were not met by allegations in the controverting affidavit that the action "is a civil libel suit" and that plaintiff was a resident of the county in which the suit was filed" at the time of the accrual of said action," and that it was necessary that the controverting affidavit allege as venue facts "the essential elements of the alleged cause of action," that is, facts showing that at a time when the plaintiff resided in the county in which the suit was filed he was libeled by the defendant. The decision is in effect and in substance a ruling that the plaintiff must also prove such facts, that is, the fact of residence and facts showing that he was libeled, for Article 2007 is by all of the decisions construed to mean that the plaintiff, to overcome the plea of privilege, must prove as well as specifically plead the venue facts upon which he relies.

If the phrase "county in which the plaintiff resided at the time of the accrual of the cause of action," used in subdivision 29 and construed in the Blanton case, makes the fact that a cause of action accrued a venue fact required to be alleged and proven, then certainly the same meaning and effect must be given to the similar phrase used in subdivision 23, "county in which the cause of action, or a part thereof, arose." A cause of action does not accrue or arise unless there is a cause of action. To prove that a cause of action has arisen in his favor a plaintiff must prove that he in fact has a cause of action. It was necessary, therefor, for the respondents Allison and others, plaintiffs in district court, when invoking this exception in subdivision 23 in order to defeat the plea of privilege, both to plead specifically and to prove facts showing that a cause of action arose in their favor against the defendant. In Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91, the court rejected the theory that a plaintiff may defeat a plea of privilege by introducing merely enough evidence to prove the venue fact or facts prima facie, or to raise an issue, and that evidence offered by the defendant in contradiction of plaintiff's prima facie case should be disregarded. It was held that the venue facts alleged must be proven as the allegations of any other plea or in the usual way in which proof is required to be made by a party upon whom the burden of proof rests.

While holding that no trespass was committed by relator because, under the facts, the acts of relator in accepting the certificates and in causing the stock to be sold were not wrong-

ful, the Court of Civil Appeals concluded that proof of the same acts was sufficient to support the allegation that the cause of action, or a part of it, arose in Harris County.

On the trial of the plea of privilege the proof was made by stipulations of the parties. Quotations from the stipulations and summaries of portions of them appear in the briefs, but neither the record nor the briefs contain copies of the stipulations. We are compelled to accept for the facts in evidence the statement of the substance of the material and undisputed facts as set out in the opinion of the Court of Civil Appeals. In the interest of brevity we make the following summary of that statement: Certificates of stock in Humble Oil & Refining Company owned by respondents Allison and others aggregating 513 shares were delivered by them to Sterling & Baker, brokers, prior to October 14, 1937, as security for the accounts of said respondents. Before the delivery of the certificates each of them had been endorsed and assigned in blank on the back of the certificates by its owner, the form of the assignments so executed by the owners being:

"For value received, _____ hereby sell, assign and transfer unto _____ _____ shares of the capital stock represented by the within certificate, and do hereby irrevocably constitute and appoint _____ attorney to transfer the said stock on the books of the within named company with full power of substitution in the premises.

"Dated _____."

On October 14, 1937, Sterling & Baker requested relator Victoria Bank & Trust Company to make them a loan of $20,-000.00, offering as security Humble Oil & Refining Company stock. The loan was consummated through the Victoria bank's Houston correspondent, Houston National Bank, and the 513 certificates of stock which had been deposited by respondents with Steerling & Baker were pledged by Sterling & Baker as security for their note in the sum of $20,000.00 to the Victoria bank, and for that purpose were delivered to Houston National Bank. Thereafter, Sterling & Baker having failed to pay their note to relator, the certificates of stock were, at relator's direction, sent by Houston National Bank to a broker in New York and were there sold for the payment of the $20,000.00 note, as provided in the agreement by which they were pledged to secure it. The proceeds of the sale of the stock, $31,878.86,

were remitted to relator, who applied $20,106.67 thereof to the payment of its note and interest.

"The record shows that neither appellee nor its correspondent, the Houston National Bank, had any knowledge of the relationship and status of the various accounts between the brokerage concerns and appellants herein, or that appellants, or any of them, were claiming any right, title or interest in said stock. No demand was made by appellants upon either appellee or the Houston National Bank for the possession or return of said certificates of stock prior to their sale."

The decision of the Court of Civil Appeals that a cause of action for conversion arose in favor of respondents Allison and others against relator, the Victoria bank, is in conflict with Select Investment Co. v. Cloud, 120 S. W. (2d) 557. In that case the plaintiff sued for conversion of an automobile and in his controverting affidavit asserted that venue properly lay in the county where the suit was brought, on the ground that the cause of action against the defendant, a private corporation, arose in that county. The facts of the case were such that the conversion, the act of dominion over the property, was not wrongful. The court held that to support venue it was necessary for the plaintiff to show that the act relied upon as conversion was a wrongful act committed in the county and that because the act was not wrongful the plaintiff failed to establish a right to maintain venue in the county in which the suit was brought.

The acts of relator, the Victoria bank, which respondents allege as constituting conversion of the stock, were not wrongful, because the facts as stipulated by the parties are that respondents intrusted the certificates of stock to Sterling & Baker after executing unconditional assignments in blank on the back of the certificates, and relator accepted the certificates in good faith for value to secure the note executed by Sterling & Baker and sold the stock in the manner expressly authorized by the agreement pledging the stock to secure the note, without knowledge that respondents were claiming any right, title or interest in the stock; and since the acts of relator in accepting the stock as security and in causing it to be sold were not wrongful, a cause of action for conversion did not arise out of them. The innocent purchaser or pledgee for value may hold the certificates of stock against the true owner under

the rule, supported by many authorities, thus stated in American Jurisprudence:

"The general rule is well settled that a stockholder who intrusts another, for a special purpose only, with his stock certificates indorsed or assigned in blank clothes the party to whom the certificates are intrusted with such indicia of ownership that an unauthorized sale or pledge of the certificates by the latter to an innocent vendee or pledgee for value binds the true owned and prevents him from asserting a paramount interest in the shares." 13 Am. Jur., p. 423, Sec. 350.

See also Sackenreuther v. Winston, 137 S. W. (2d) 93 (application for writ of error refused); Gillette v. Houston National Bank, 139 S. W. (2d) 646; Monroe v. Wharton Bank & Trust Co., 155 S. W. (2d) 632; Phillips v. Citizens' National Bank (Com. App.) 15 S. W. (2d) 550, 552; Russell v. American Bell Tel. Co., 180 Mass. 467, 62 N. E. 751; 18 C. J. S. p. 920, Sec. 390, p. 933-934, Sec. 395; Note 73 A. L. R., pp. 1405 and following.

Respondents insist that the authorities last above cited do not hold that there is no conversion of the stock under the state of facts shown in the instant case, but that they hold by clear implication that there is a conversion and that the owner of the stock may be estopped to assert the conversion. The question with which we are here concerned is not whether there was a conversion in the broad sence of exercising dominion over the property of another, but whether a cause of action for conversion arose in favor of respondents against relator. And what the above cited authorities hold is that, by reason of the principle of estoppel, the owner of stock who assigns his certificate in blank and intrusts it to another cannot enforce his ownership against, has no cause of action against, an innocent pledgee or purchaser of the stock for value from the party to whom the certificate is intrusted. In some of the decisions it is said that title to the stock is transferred to the innocent purchaser by estoppel, in others that the owner is estopped to assert his own title or to question the title of one who acquires the stock from the apparent owner. But whether title passes or the owner of the stock is estopped to assert title, it necessarily is true that a cause of action for conversion does not arise if the facts existing at the time the stock is sold or pledged are such that the owner may not thereafter assert paramount title to the stock.

Respondents contend that estoppel could not be considered in the hearing of the plea of privilege because relator, the defendant in trial court, did not plead estoppel and for the further reason that estoppel is defensive, going only to the merits and not to venue. In our opinion it was not necessary for relator to plead estoppel, either as a part of the plea of privilege or in subsequent pleading, for the trial of the question of venue. Article 2007 makes the statutory plea of privilege both sufficient pleading and prima facie proof of the defendant's right to change of venue, and under that plea the defendant may offer any competent evidence tending to contradict the plaintiff's evidence, or tending to defeat the right to maintain venue asserted in the controverting affidavit. Johnson v. Dallas Cooperage & Woodenware Co., 120 Texas 27, 34 S. W. (2d) 845; Berry v. Pierce Petroleum Corp., 120 Texas 452, 39 S. W. (2d) 824; Heard & Heard v. Kuhnert, 155 S. W. (2d) 817.

Estoppel does go to the merits of the case, but by reason of the peculiar language of the exception which makes the fact that a cause of action arose a venue fact, the trial of the question of venue necessarily involves, as under some of the other exceptions, the determination of question going to the merits of the case. It may be, as suggested by respondents, that in a trial on the merits they will be able to prove by evidence not offered on the hearing of plea of privilege that relator is not in a position to assert estoppel. Our decision is that, by reason of the facts in evidence as stipulated by the parties for the trial of the plea of privilege, the respondents failed to prove on that trial that a cause of action arose.

The petition for the writ is granted and, as provided in Rule 475, mandamus will issue unless the Court of Civil Appeals conforms its rulings and decision to those made herein.

Opinion adopted by the Supreme Court December 31, 1941.

Rehearing overruled January 28, 1942.