HELDT BROS. TRUCKS et al., Appellants,

v.

Graham McCOLLUM, Appellee.

No. 13045.

Court of Civil Appeals of Texas.

San Antonio.

July 11, 1956.

Lloyd & Lloyd, Alice, for appellants.

Neil E. Beaton, J. Douglas McGuire, San Antonio, David M. Stiles, Victoria, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal from an order of the District Court of Goliad County overruling the plea of privilege filed by Arno Heldt and Roland Heldt, doing business as partners under the name of Heldt Bros. Trucks, seeking the transfer of this cause to Jim Wells County, the county of their residence.

This lawsuit grows out of a collision between an automobile driven by Graham McCollum and a truck owned by Heldt Bros. Trucks and being driven at the time by Ramiro Nino, their employee. The automobile and the truck were going in the same direction, toward Goliad. The collision occurred between the town of Charco and Goliad, about ten miles west of Goliad on State Highway No. 239. The automobile struck the truck from the rear.

Plaintiff sought to retain venue in Goliad County under the provisions of Section 9a, Art. 1995, Vernon's Ann.Civ.Stats., reading as follows:

"9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or

that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

The question presented is the sufficiency of the evidence to support the implied finding of the trial court to the effect that the employees of defendants were guilty of negligence in Goliad County, which was a proximate cause of the injuries plaintiff sustained as a result of the collision.

We conclude that the evidence was sufficient to support this implied finding. Appellee testified that he came over the crest of a hill and saw a big black bulk in front of him. He saw no tail lights. He put on his brakes and tried to turn to the left but struck the left rear of the truck. The reason the object seemed to be such a large black bulk was that another truck had been loaded onto the truck that appellee struck. The truck had just turned around and started down the highway at the time it was struck. It was going about fifteen miles per hour—it had not had time to pick up more speed. A. C. Taylor, the Sheriff of Goliad County, who appeared on the scene of the accident about an hour and a half after it occurred, testified that he examined the tail lights on the truck and found them very weak. They were not bright. They were covered with something more than dust. He couldn't see them until he was about twenty or twenty-five feet from them.

Sec. 111 of Art. 6701d, Vernon's Ann. Civ.Stats., provides in effect, among other things, that a motor vehicle being driven upon the highway must be equipped with at least one tail lamp mounted on the rear, which when lighted will emit a red light plainly visible from a distance of 500 feet to the rear.

The rule is that in a plea of privilege case the appellate court, in passing upon the sufficiency of the evidence to support the order of the trial court, will disregard all adverse evidence and give credit to all evidence that is favorable to the successful party, and indulge every reasonable conclusion that is favorable to him. Dunn v. Johnson, Tex.Civ.App., 274 S.W.2d 108.

 When this rule is followed, the evidence of appellee and Sheriff Taylor is sufficient to support a finding of negligence on the part of appellants' employees proximately causing appellee's injuries.

The judgment is affirmed.