### ADMIRAL MOTOR HOTEL OF TEXAS, INC., Appellant,

v.

### COMMUNITY INNS OF AMERICA, INC., Appellee.

#### No. 115.

Court of Civil Appeals of Texas.

Tyler.

April 15, 1965.

Rehearing Denied May 6, 1965.

David M. Kendall, Jr., Woodruff, Hill, Bader & Kendall, Dallas, for appellant.

Edmund Benchoff, McAlister & Benchoff, Nacogdoches, for appellee.

DUNAGAN, Chief Justice.

This is a venue case. The appeal is from an order of the District Court of Nacogdoches County overruling the plea of privilege of Admiral Motor Hotel of Texas, Inc., appellant, seeking to transfer the case to Tarrant County, Texas, the county of its residence. Appellee, Community Inns of America, Inc., controverted the plea relying upon Exception 23 of Article 1995, Vernon's Ann.Tex.Rev.Civ. St. The venue hearing was had before the court without a jury. No findings of fact or conclusions of law were requested by either party.

Appellee instituted this suit against appellant seeking to recover upon two causes of action: first, the balance of an account for services rendered, and second, for damages for breach of contract. Appellee is engaged in the business of furnishing services for the organizing, franchising, advising and managing hotels, motor-hotels and motor-inns. In 1962 appellant became interested in the construction and operation of a motor-hotel in Arlington, Texas. It apparently sought the services of appellee and in May of 1963 requested services relating to the design and construction of appellant's motor-hotel. It appears that the transaction whereby such services were to be rendered and the charges therefor were evidenced by a letter dated May 7, 1963, directed from appellant to Herbert O. Wilson, appellee's president.[1] Appellee alleged performance of the services; and that appellant had paid the sum of $1,500.00, leaving an unpaid balance of $3,500.00. Appellee alleged a demand for payment and a refusal by appellant. For convenience, this transaction will be referred to herein as the first contract.

Appellee's petition alleged also the execution between the parties of a written contract dated October 4, 1962, under the terms of which appellant agreed to pay the appellee 5% of the gross income from appellant's facilities in Arlington in consideration of the services to be rendered by it under the contract. The relevant portions of this contract provide that appellee would provide a training system for and furnish a resident manager for appellant's motor-hotel and that it would furnish to the appellant various professional services and programs for maintaining competent management of the facilities. The contract covered various items unnecessary to here relate but did provide for supervision of the operation of the motor-hotel by appellee subject to the approval of appellant. Provisions in the contract were made for audited reports and for the expenditure of funds derived by appellant from the operation of the motor-hotel. Either party to the contract could cancel the same upon giving ninety days written no-

[1]                    "May 7, 1963
Mr. Herbert Wilson
President
Community Inns of America
Nacogdoches, Texas
Dear Mr. Wilson:
The intent of this letter to confirm the conversation of our last visit to your office at which time it was agreed the following:

Community Inn Supply Company shall receive an amount of $5,000.00 from the project at Arlington, known under the corporate title as Admiral Motor Hotel of Texas.
Signed this 7 day of May, 1963.
                ADMIRAL MOTOR HOTEL
                    OF TEXAS
            /S/ Homer H. Newman
                    Homer H. Newman,
                        President"

STATE

tice of such cancellation and by the payment of a $25,000.00 forfeit fee by the party seeking cancellation. It was further provided that should any dispute arise between the parties concerning the interpretation or performance of the agreement which could not be resolved, the dispute would be submitted to an Arbitration Board of three members, one member appointed by appellee, one member appointed by appellant and the two members thus appointed selecting the third member. A decision by a majority of the Arbitration Board, it was agreed, would be binding on the parties. For convenience and clarity, this transaction will be referred to herein as the second contract.

The only witness produced by appellee was Herbert O. Wilson, president of Community Inns of America, Inc., who testified, in substance, that appellee is a consulting management firm for hotels and motor-hotels and as a part of its business furnishes services to the owners of such establishments from the standpoint of installation, construction, designing and equipping new facilities. Subsequent to the opening of a hotel or motor-hotel, appellee furnishes management services. Wilson testified that in addition to the written contract of October 4, 1962, appellee in 1963 performed other services for appellant. However, he did not explain why the obligation of appellant as shown by the letter dated May 7, 1963, was drawn in favor of Community Inns Supply Company, a separate and distinct corporation not a party to the lawsuit. He testified that after signing the contract of October 4, 1962, appellant approached him in Nacogdoches, Texas, requesting services in connection with the plans and designs of appellant for its motor-hotel then under construction in Arlington, Texas.

Wilson testified that he and his associates consulted with appellant's architect, advising him on changes made during the construction of the motor-hotel, furnishing appellant with complete lists of equipment needed, and assisting it in obtaining bids on such equipment. Other related services in connection with the advice and consulting with appellant were furnished according to Wilson, who estimated that about 50% of such services were rendered in Nacogdoches County. The agreement for payment for such services was evidenced by the letter dated May 7, 1963, admittedly sent by Homer H. Newman, president of Admiral Motor Hotel of Texas, Inc., appellant, to the witness Wilson. Wilson admitted on cross-examination that appellee's suit against appellant was based upon the letter dated May 7, 1963, and that there was due and owing thereon a balance of $3,500.00. It appears that appellee has been paid $1,500.00 by appellant on the services rendered.

With reference to the second contract upon which appellee's suit is based, Wilson testified that after the motor-hotel had been completed, pursuant to the contract, the appellee placed as manager in appellant's new facilities H. R. Swarger. According to the witness, in January, 1964, he received a call from Swarger informing him that appellant's president, Newman, had relieved him of his duties as manager and had ordered him off the property. The witness contacted Mr. Newman with reference to the discharge of Swarger and was told that as far as the contract was concerned they "were through." Witness Wilson admitted that under the terms of the contract, Newman had a right to discharge Swarger, but Wilson appeared to have expected Newman to contact him (Wilson) first. Wilson further testified that appellant never requested appellee to secure another manager to replace Swarger, but the witness admitted that he received a wire from appellant on January 12, 1964, in which Newman requested appellee to get together with the Admiral Motor Hotel people and discuss the continued performance of the contract. The record does not reflect specifically what other transactions occurred between the parties with reference to adjusting the matter except that, according to this wit-

ness, the parties tried on several occasions to "get together" but had not worked the matter out before suit was filed. The evidence does not show whether either party attempted to settle the matter by arbitration as provided in the contract. Apparently, the only dispute or difficulty arising under the second contract related to the discharge of Swarger by appellant, although appellee's witness admitted that appellant had the right to discharge him.

In order to defeat a defendant's privilege of being sued in the county of his residence, when challenged, the burden is upon the plaintiff to allege and prove that the case is within one of the exceptions to Article 1995, Vernon's Ann.Tex. Rev.Civ.St. of Texas. Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S. W.2d 824 (1931); Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845 (1931); McMurtry v. Addington, 332 S.W.2d 407 (Tex.Civ.App.) 1960, no writ. The "venue facts" which the plaintiff must allege and prove in order to defeat the plea are those which are stated in the particular exception of Article 1995 applicable to the suit as alleged. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91 (1935). The burden is plaintiff's to establish those venue facts by a preponderance of competent evidence. Hitchcock v. Pearce, 348 S.W.2d 408 (Tex.Civ.App.) 1961, no writ; Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941); Fagg v. Benners, 47 S.W.2d 872 (Tex.Civ.App.) 1932, no writ.

Appellee here relies upon Exception 23 of Article 1995[2] to maintain its suit against appellant in Nacogdoches County. Under the Exception aforesaid, suits against private corporations may be brought in the county in which the cause of action or part thereof arose. No other portion of the Exception has been invoked by appellee. The "venue facts", therefore, which appellee had the burden to establish are: (1) that appellant is a private corporation; (2) that appellee has, in fact, a cause of action against appellant; and (3) that said cause of action, or a part thereof, arose in Nacogdoches County. Appell Petroleum Corporation v. G. W. Townsend Lease Service, 375 S.W.2d 547, (Tex. Civ.App.) 1964, no writ; Drexler v. Architectural & Commercial Sales, 375 S.W.2d 550, (Tex.Civ.App.) 1964, no writ; Uvalde Const. Co. v. Shannon, 165 S.W.2d 512, (Tex.Civ.App.) 1942, no writ. It being undisputed that appellant is a private corporation, the remaining "venue facts" necessary for appellee to establish in this case were: (1) that it did *in fact* have a cause of action against the appellant, and (2) that such cause of action, or a part thereof, arose in Nacogdoches County. Unless there is, in fact, a "cause of action" there could be no "part thereof" arising anywhere. Southern Farm Bureau Casualty Insurance Company v. Alexander, 326 S.W.2d 644, (Tex. Civ.App.) 1959, no writ; Home Ins. Co., New York v. Barbee, 166 S.W.2d 370, (Tex.Civ.App.) 1942, no writ; Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, (Tex.Com.App.) 1941. Before we reach the question as to *where* the "cause of action" or a "part thereof" arose, we must determine whether appellee, by a preponderance of the competent evidence established, that it did, in fact, have a cause of action against appellant. It is not sufficient under this Exception to show merely a prima facie case or merely to introduce enough evidence to raise an issue—the plaintiff must establish by a preponderance of the evidence that he has a "cause of action" as alleged. Educators Mut. Life Ins. Co. of America v. Skinner, 146 S.W.2d 276, (Tex.Civ.App.) 1940, no writ. The existence of the cause of action is a venue fact. Crawford v. Sanger, 160 S.W.2d 115, (Tex.Civ.App.) 1941, no writ. This does indeed require appellee to twice

2. "23. Corporations and associations.— Suits against a private corporation, association, or joint stock company may be brought in the county * * * in which the cause of action or part thereof arose; * * *."

prove its case—once on the venue hearing—and again on the merits; but, as stated in Compton v. Elliott, supra:

"* * * It is better to put the parties to the inconvenience of two trials of the issue than to deprive the defendant of the valuable privilege of making his defense on the merits in the county of his residence, when the facts to bring the case within the exception do not actually exist. * * *"

The right to be sued in one's own bailiwick is a valuable right, jealously guarded by the courts. Speed v. Chas. Lyon Co., 69 S.W.2d 147, (Tex.Civ.App.) 1934, no writ; Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969 (1951); Gunstream v. Oil Well Remedial Service, 233 S.W.2d 897, (Tex.Civ.App.) 1950, no writ; Reynolds & Huff v. White, 378 S.W.2d 923, (Tex.Civ. App.) 1964, no writ. Unless the plaintiff clearly discharges his burden of proof, the defendant is entitled to a transfer of the action.

There is no difficulty here in concluding that appellee wholly failed to prove that appellant was indebted to it on the account evidenced by the letter of May 7, 1963. Proof that appellant is indebted to Community Inns Supply Company, a corporation, does not establish a cause of action in favor of appellee, Community Inns of America, Inc., admittedly, by Wilson's testimony, a separate and distinct corporation. Appellee offered no proof to show, and it does not otherwise appear in the record, that it ever acquired the account or chose-in-action from Community Inns Supply Company. The record does not explain why the money due for the services was payable to the latter or why it was not made a party to the suit. Warren Mfg. Co. v. Hoover, 223 S.W.2d 524, (Tex.Civ.App.) 1949, er. dism. Appellee must sustain venue on the cause of action alleged, Gilmer v. Graham, 52 S.W.2d 263, (Tex.Com.App.) 1932; Stradley v. Southwestern Life Insurance Company, 341 S.W.2d 195, (Tex. Civ.App.) 1960, ref., n. r. e., unless there

is alleged and shown waiver, ratification or estoppel. Snow v. Prince, 13 S.W.2d 342, (Tex.Com.App.) 1929. There is no evidence in the record of waiver, ratification or estoppel and the trial court was not justified in overruling appellant's plea of privilege as to the first contract.

With reference to the second contract upon which suit was brought, the testimony of Wilson, with which appellee is bound, showed that the main difficulty arising between the parties was with reference to the discharge of Swarger. As is admitted by appellee, his discharge was authorized by the contract. This being clearly evident, such conduct on the part of appellant did not constitute a breach of the contract. However, appellee argues that there has been an "anticipatory" breach of appellant of the contract, entitling it to bring the suit; and that such "anticipatory" breach occurred in Nacogdoches County thus entitling appellee to maintain venue in the county of suit.

If appellee established by a preponderance of the evidence that it in fact had a "cause of action" for anticipatory breach of contract, there would be no difficulty in concluding that Nacogdoches County is the proper county for suit. A "cause of action" within the meaning of Exception 23 of Article 1995, Vernon's Ann.Tex.Rev.Civ.St. of Texas, consists not only of the genesis of the right, but of a breach of that right. United States Pipe & Foundry Co. v. City of Waco, Tex.Civ. App., 100 S.W.2d 1099, affirmed 130 Tex. 126, 108 S.W.2d 432, 1937, cert. den., 302 U.S. 749, 58 S.Ct. 266, 82 L.Ed. 579; Transit Grain & Commission Co. v. Snapp, 148 S.W.2d 233, (Tex.Civ.App.) 1941, no writ; Brown Cracker & Candy Co. v. Jensen, 32 S.W.2d 227, (Tex.Civ.App.) 1930, no writ; Ohio Oil Co. v. Varner, 150 S.W. 2d 185, (Tex.Civ.App.) 1941, no writ; Panther Oil & Grease Mfg. Co. v. Schumaker, 166 S.W.2d 205, (Tex.Civ.App.) 1942, no writ. It follows that if appellee established the existence of the "cause of action" as

alleged against appellant, suit could properly be maintained in Nacogdoches County upon proof that the contract was either *made* or *breached* there. In Early-Foster Co. v. A. P. Moore's Sons, 230 S.W. 787, (Tex.Civ.App.) 1921, no writ, it was held that a "cause of action" within the meaning of the Exception of the venue statute permitting suits against private corporations in any county in which the cause of action, or a part thereof, arose, consists of the contract and its breach. The court held that the requirement of the Exception that "part" of the cause of action must have arisen in the county of suit is satisfied upon proof that the contract was *made* there. See also: United Appliance Corporation v. Boyd, 108 S.W.2d 760, (Tex. Civ.App.) 1937, no writ; Ed Friedrich Sales Corporation v. Deitrick, 134 S.W.2d 760, (Tex.Civ.App.) 1939, no writ; Tyler Bank and Trust Co. v. Athens Commission Co., 301 S.W.2d 710, (Tex.Civ.App.) 1957, no writ; Wood Motor Co. v. Hawkins, 226 S.W.2d 487, (Tex.Civ.App.) 1949, no writ. It seems to be established in the record that the contract of October 4, 1962, was made in Nacogdoches County which fact alone would have entitled appellee to maintain venue there if appellee had established that it did have, in fact, a "cause of action" for a breach or an anticipatory breach of the contract.

■ It is well settled in Texas that there may be an "anticipatory" breach of a contract so as to entitle a party to recover damages therefor. Hardeman-King Lumber Co. v. Hampton Bros., 104 Tex. 585, 142 S.W. 867, (1912); Englehart v. Volunteer State Life Ins. Co., 195 S.W.2d 798, (Tex. Civ.App.) 1946, ref., n. r. e. The principle, it is held, applies only where there is a repudiation of the contract before time for performance has arrived. Sinclair Refining Co. v. Costin, 116 S.W.2d 894, (Tex. Civ.App.) 1938, no writ. However, in order to constitute an anticipatory breach, a party must absolutely and positively refuse to perform the same. Such refusal must be unconditional and the renunciation of

the contract complete. As stated in Lumbermens Mutual Casualty Company v. Klotz, 251 F.2d 499, (Ct. of Appeals, 5th Circuit) 1958, in discussing the Texas Law of anticipatory breach:

"* * * To precipitate anticipatory breach, there must be a complete renunciation of the contract, a categorical claim that it never has been, or no longer is, valid and binding whatsoever."

To the same effect, Ulen Securities Co. v. City of El Paso, 59 S.W.2d 198, (Tex.Civ. App.) 1933, err. ref.; Main v. Hopkins, 229 S.W.2d 820, (Tex.Civ.App.) 1950, no writ.

■ Applying these well settled principles, we hold that the evidence is insufficient to establish an anticipatory breach by appellant of the written contract of October 4, 1962. The testimony of Wilson does not show an unconditional and complete repudiation of the contract by appellant. Under Wilson's admissions appellant, by telegram, had in effect proposed that the parties meet and discuss the continued performance of the contract. The record does not show why such efforts were unsuccessful. Further, although under the express provisions of the contract the parties agreed to arbitrate any disputes arising thereunder, appellee made no attempt to establish that appellant refused to arbitrate the matter or that it was by appellant's conduct prevented from seeking arbitration. The law favors the settlement of disputes by arbitration and although contracting parties cannot oust courts of jurisdiction over the matter, where the parties have agreed, or are required by law to resort to a designated tribunal for adjustment of controversies, they must exhaust such remedy before seeking redress in the courts. Glass v. Hoblitzelle, 83 S.W.2d 796, (Tex. Civ.App.) 1935, er. dism.; Ferguson v. Ferguson, 110 S.W.2d 1016, (Tex.Civ.App.) 1937, no writ; Art. 238, Vernon's Ann. Tex.Rev.Civ.St. It is our view that in order for appellee to establish an uncondi-

tional repudiation of the contract so as to constitute an anticipatory breach, it was necessary to show appellant's refusal to arbitrate the dispute. The evidence was insufficient to establish that appellee has, in fact, a "cause of action" for anticipatory breach of the contract of October 4, 1962, and the trial court erred in overruling the plea of privilege.

The judgment of the trial court is reversed and it is ordered that the cause be transferred to a district court of Tarrant County, Texas.