J. Clifford **GREGORY** et al., **Appellants,**

v.

Ronald T. **WATSON, Appellee.**

No. 576.

Court of Civil Appeals of Texas, Tyler.

July 29, 1971.

**152**

---

Saunders, Caldwell & Schmidt, Gene Caldwell, Tyler, for appellant, J. Clifford Gregory.

Terry Graham, Tyler, for appellant, Dwayne Sackett.

Morgan & Shumpert, Floyd Shumpert, Kaufman, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from an order overruling the pleas of privilege of the appellants which sought to have the suit transferred to Smith County, Texas. Appellee brought an action for conversion of a truck in Kaufman County. The appellants filed their pleas of privilege which were controverted by the appellee.

Upon hearing, the trial court overruled the pleas of privilege and both appellants have perfected their appeal from such order.

The appellants assert that the court erred in entering the order overruling

their pleas of privilege because (1) there is no evidence to support it, and (2) it is against the great weight and degree of credible evidence.

The appellee Ronald T. Watson brought this action for the conversion of a 1963 International Truck against J. Clifford Gregory, d/b/a Gregory Finance & Insurance and Dwayne Sackett. He alleges that this conversion occurred in Terrell, Texas, joining the two appellants in his pleadings, and alleges that the appellant Sackett was the one actually responsible for the conversion. The appellee further alleges that the appellant Sackett was an agent, servant or employee of the appellant, Gregory.

It is appellants' contention in effect that the appellee failed to prove the necessary venue facts to hold venue in Kaufman County and thus the trial court erred in overruling their pleas of privilege.

Upon the hearing of the pleas of privilege, appellee offered into evidence the certificate of title to the truck which showed it was sold to appellee by Perry Transfer & Warehouse Company, Tyler, Texas. However, appellant testified that he purchased the truck from Dwayne Sackett. The certificate of title also shows Gregory Finance & Insurance of Tyler, Texas, to have a first lien on said truck. Appellee also offered into evidence the promissory note-security agreement executed by appellee as principal and appellant Sackett as surety or co-signer in favor of Gregory Finance & Insurance of Tyler, Texas.

Appellee, the only witness to testify upon the hearing, testified that he parked the truck on a lot in Terrell, Texas, on the 31st day of July, 1970, and went to Dallas leaving the keys in the truck, and when he returned from Dallas, the truck was still there; that he then went to his father's house in the City of Terrell for a few minutes and when he returned, he found the truck gone; sometime thereafter he contacted Dwayne Sackett who told him that he had picked up the truck; that he also

talked to Mr. Gregory who told him he had the truck; and that Mr. Gregory told him he did not pick up the truck.

There is no evidence that Sackett, at the time he picked up the truck, was acting under the orders of Gregory or as his agent, employee, representative or servant, nor that the truck was picked up with the consent or the knowledge of Gregory. There is no evidence that Sackett was ever employed by Gregory in any capacity. The testimony does not show who delivered the truck to Gregory in Tyler. It would appear from the evidence that Sackett, acting for himself and on his own initiative, picked up the truck and delivered it to Gregory in Tyler for the purpose of relieving himself of further liability on the note-security agreement executed by him as surety or co-signer with appellee as principal.

About the most that can be said of the evidence insofar as it concerns Gregory is that he was the holder and owner of a lien on the truck and that sometime after the truck was taken from where appellee had parked it in the City of Terrell, Kaufman County, Texas, it was located in his possession in the City of Tyler, Smith County, Texas. Appellee's testimony is undisputed that Sackett took possession of and moved the truck from where it was parked in Terrell without appellee's knowledge or consent.

In the controverting pleas filed by the appellee, he relies in part upon Exception 9 of Article 1995, Vernon's Ann.Civ.St.[1] to hold venue in said county.

The venue facts which the appellee must prove in order to sustain venue under this exception are:

(a) that a trespass has been committed;

(b) that the trespass was committed in the County of the suit; and

(c) that the Defendant asserting his privilege committed the acts, or that they were committed by another under circumstances that make the Defendant legally responsible.

Vol. 1, McDonald, Texas Civil Practice, sec. 4.17.1, p. 473.

In passing upon the sufficiency of the evidence to support the order of the trial court overruling the pleas of privilege, we disregard all adverse evidence and give credit to all evidence that is favorable to the successful party, and indulge every reasonable conclusion that is favorable to him. Heldt Bros. Trucks v. McCollum, 293 S.W.2d 214 (Tex.Civ.App., San Antonio, 1956, n. w. h.).

The general rule of venue is that a defendant must be sued in the county of his domicile. In order to defeat defendant's plea of privilege to be sued in the domiciliary county, the burden is on the plaintiff to allege and prove by a preponderance of the evidence that the case comes within one of the exceptions to Article 1995, V. A.C.S. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (Tex.Comm. of App., 1935, holding approved); Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824 (Tex.Comm. of App., 1931, holding approved); Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694 (Tex.Civ.App., Tyler, 1965, n. w. h.).

Venue facts must be proved just as the allegations of any plea or in the usual way in which proof is required by the party upon whom the burden of proof rests. Victoria Bank & Trust Co v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (Tex.Comm. of App., 1941, holding approved). In a venue hearing the plaintiff has the same burden of proving a cause of action as on a trial on the merits; a prima facie case is not sufficient. Compton v. Elliott, supra;

---

1. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the defendant, or by his agent or representative, or in the county where the defendant has his domicile. * * * "

Lynch v. Millican, 304 S.W.2d 410, 412 (Tex.Civ.App., Waco, 1957, n. w. h.); Young v. Young, 340 S.W.2d 521 (Tex. Civ.App., Waco, 1960, n. w. h.). Venue cannot be established by mere implication. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (Tex.Sup., 1948); Reynolds & Huff v. White, 378 S. W.2d 923, 929 (Tex.Civ.App., Tyler, 1964, n. w. h.).

The burden imposed on the appellee in the instant case is one the courts have predicated upon the belief that the defendant's right to be sued in the county of his domicile is an invaluable right and this right should be vitiated only when the evidence clearly supports the maintenance of venue in some other county. The right to be sued in ones own domicile is a right jealously guarded by the courts, an exception to the venue statute must clearly appear. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, 972 (1951); Burtis v. Butler Bros., supra. Unless the plaintiff clearly discharges his burden of proof, the defendant is entitled to have the cause transferred to the county of his domicile. Calhoun v. Padgett, 409 S.W.2d 890, 893 (Tex.Civ.App., Tyler, 1966, n. w. h.); Reynolds & Huff v. White, supra.

The order denying the plea of privilege of Dwayne Sackett is affirmed.

Appellee has wholly failed to discharge the burden required of him to hold venue in Kaufman County on the cause of action against Gregory. Appellee having failed to show that he was entitled to maintain his alleged cause of action in Kaufman County, as against this appellant's plea of privilege, the judgment of the trial court overruling the plea of privilege is reversed and rendered and the cause as to J. Clifford Gregory, d/b/a Gregory Finance & Insurance is hereby directed to be severed and transferred to one of the District Courts of Smith County, Texas, in accordance with the provisions of Rule 89, Texas Rules of Civil Procedure.