**Ted SANDERLIN d/b/a Alasco Aluminum Awning Co., Appellant,**

v.

**G. D. DRANSFIELD et ux., Appellees.**

No. 17642.

Court of Civil Appeals of Texas, Fort Worth.

May 2, 1975.

Rehearing Denied June 13, 1975.

Hausenfluck & Gandy, and Dalton C. Gandy, Fort Worth, for appellant.

L. Royce Coleman, Jr., Denton, for appellees.

## OPINION

SPURLOCK, Justice.

This is an appeal by Ted Sanderlin, doing business under the assumed name of Alasco Aluminum Awning Company, from an order overruling his plea of privilege to be sued in his domicile, Tarrant County.

This suit was brought by G. D. Dransfield, and wife Marcia L. Dransfield, against Ted Sanderlin, for damages for conversion of their awnings and skirts taken from around their mobile home in Denton County. Plaintiffs seek to maintain venue in Denton County, Texas, under Section 9, of Article 1995, Vernon's Ann. Tex.Civ.St., which provides that a suit based upon crime, offense, or trespass may be brought in a county in which such crime, offense, or trespass was committed by the defendant, or by his agent or representative.

Defendant brings this appeal on three points of error; that being that the Court erred in admitting hearsay evidence of the witness, Mickey Autry, to the fact that he was an agent, servant or employee of the defendant; there was no competent evidence that defendant committed a conversion of plaintiffs' property in Denton County; and the court erred in overruling defendant's plea of privilege because the evidence is legally insufficient.

We affirm.

Plaintiffs allege that they verbally contracted with the defendant to install the skirts and awnings on their mobile home. The defendant did not do so in a satisfactory manner. The bill for services was $194.00. Plaintiffs notified defendant that the services were not satisfactory and mailed to defendant a check for $100.00. The next day someone removed the skirts and awnings from the mobile home, and such personal property was not returned. Mrs. Dransfield testified, without objection, that early in the week following the trespass committed in Denton County, she telephoned the defendant's place of business, and the telephone was answered by Mr. Autry. Defense counsel then objected to any such conversation as being hearsay. Extensive voir dire examination of the witness followed, and the witness testified that Mrs. Dransfield had dealt extensively with the defendant in a business relationship. This witness knew Mr. Autry, and knew that he was a cousin of the defendant and had been an employee of the latter for a long period of time. Mr. Autry had visited in her office as a business representative of the defendant when she was manager of a mobile home park. She recognized his voice during this telephone conversation. She had called the defendant's telephone in connection with the business transaction made the basis of this suit. Mr. Autry, in response to her question, stated that neither the defendant nor his wife were in. He further admitted that the materials had been removed by the defendant. The evidence was then admitted into the record.

The points will be considered together because they are interrelated.

It is well settled that a conversion of personal property is a trespass within the meaning of Section 9, of Article 1995, V.A.T.S. Industrial Supply Company v. Stockton Oil Company, 408 S.W.2d 251 (Fort Worth, Tex.Civ.App., 1966, writ dism.).

The defendant, by filing his plea of privilege, established a prima facie case for change of venue. It then became necessary for plaintiffs to file their controverting affidavit and to sustain the burden of proving the case fell within one of the exceptions on which they relied. Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824 (1931); Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845 (1931); Admiral Motor Hotel of Texas, Inc. v. Community Inns, 389 S.W.2d 694 (Tyler, Tex.Civ.App., 1965, no writ hist.); Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941).

In relying upon Section 9, plaintiffs had the burden of proving (a) a trespass had been committed; (b) it was committed in the county of suit; and (c) the defendant asserting the privilege committed the acts or they were committed by another under circumstances which make the defendant legally responsible. Langford v. Kraft, 498 S.W.2d 42 (Beaumont, Tex. Civ.App., 1973, ref., n. r. e.).

Defendant offered no evidence at the venue hearing. Plaintiffs offered competent evidence that a trespass had been committed in Denton County, Texas. No objection was made to such evidence. The defendant on appeal has not provided us with any argument or authority attacking such evidence. Defendant has therefore waived any consideration by this Court of the application of Section 9 other than as to whether there was a sufficient showing the defendant committed the trespass. Rule 418, Texas Rules of Civil Procedure; Whitson Company v. Bluff Creek Oil Company, 278 S.W.2d 339 (Fort Worth, Tex.Civ.App., 1955, affirmed, 156 Tex. 139, 293 S.W.2d 488, 1956).

On appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of the trial court's judgment. James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959).

Mrs. Dransfield's testimony was admissible concerning her conversation with Autry because such testimony, if believed, raised a presumption that the person spoken to had authority to speak for the defendant under the facts in the case at bar.

This Court stated in Western Union Telegraph Co. v. Campbell, 212 S.W. 720 (Fort Worth, Tex.Civ.App., 1919, writ ref.), as to testimony regarding telephone calls to a business establishment that, ". . . a message received over a telephone line maintained by a business office for business purposes was presumably received by an authorized person, and that this presumption becomes conclusive in the absence of proof to the contrary." This Court quoted with approval from a treatise as follows: "'. . . The presumption that the person who answers is authorized to speak may be very slight or strong, according to the circumstances, but the statements of such persons should be admitted in evidence as prima facie the statements of one having authority to speak.'"

Each of the points of error has been carefully examined and we find that the evidence was both legally and factually sufficient to support the order of the trial court. Each is overruled.

We affirm the judgment.