# FIDELITY & CASUALTY CO. OF NEW YORK v. LINDSAY et al. (No. 712.)

Court of Civil Appeals of Texas. Waco. Nov. 1, 1928.

Goree, Odell & Allen and William M. Short, all of Fort Worth, for appellant.

Estes & Estes, of Granbury, for appellees.

BARCUS, J. This is an appeal from the order of the trial court overruling appellant's plea of privilege. The testimony is undisputed. It shows that M. Lewin, a resident citizen of Hood county, held an accident insurance policy with appellant, which provided that in case of death by accident the beneficiary, appellee Mrs. Lindsay, who lives in New York, would be entitled to $5,000. M. Lewin suffered an accident in Hood county, and was carried to Fort Worth to a hospital, where he died. Appellant is a foreign corporation with a permit to do business in Texas, and maintains its state headquarters in Dallas county, and has an agent in Tarrant county, but did not at any time have an office, agent, or representative in Hood county. Appellant filed its plea of privilege, asking that the suit be transferred to Tarrant county. The court overruled the plea; hence this appeal.

The disposition of the case involves the construction of subdivision 28 of article 1995 of the Revised Statutes, which provides:

"Suits on policies may be brought against any life insurance company, or accident insurance company, * * * in the county where the home office of such company is located, or in the county where loss has occurred or where

the policyholder or beneficiary instituting such suit resides."

Appellee seeks to uphold the judgment of the trial court, first, on the theory that the loss under the policy occurred in Hood county; and, second, that the policyholder resided in said county. Appellant contends that the loss as a matter of fact occurred in Tarrant county, where M. Lewin died. We agree with appellant's contention. In this connection, it may be well to note that under the old statute, being subdivision 29, article 1830, it was provided that a suit on an accident or life insurance policy could be maintained in the county in which the persons insured, or any of them, resided at the time of the death or injury. Article 4744 of the 1911 Statutes fixed the venue with reference to suits on life and accident policies, and it appears that in the recodification in 1925, article 4744 was substituted for the latter part of section 29 of article 1830, and is now made the latter part of subdivision 28, article 1995, which statute now provides that suit on an accident or life insurance policy may be instituted "where the home office of such company is located, or in the county where loss has occurred, or where the policyholder or beneficiary instituting such suit resides." The present statute eliminates that provision of the statute which authorized the suit to be brought where the insured person lived at the time of death. The question as to where the loss occurred under a life insurance policy, for the purpose of fixing venue, has been passed on by a number of states having similar provisions as that contained in our statute, and without exception the rule seems to be that the loss occurred where the insured died. Volume 7, Cooley's Briefs on Insurance (2d Ed.) p. 6776, states the rule to be:

"In the case of life * * * insurance, the cause of action is held to arise in the county where the insured died."

In Prader v. National Masonic Accident Ass'n, 95 Iowa, 149, 63 N. W. 601, it was held that the loss under a life insurance policy occurred where the insured died; and to the same effect is the holding in Bankers' Life Ins. Co. v. Robbins, 53 Neb. 44, 73 N. W. 269; Id., 55 Neb. 117, 75 N. W. 585; Jenkins v. Hawkeye Commercial Men's Ass'n, 147 Iowa, 113, 124 N. W. 199, 30 L. R. A. (N. S.) 1181; Roberts v. American National Assur. Co., 201 Mo. App. 239, 212 S. W. 390; Bruil v. Northwestern Mutual Relief Ass'n, 72 Wis. 430, 39 N. W. 529. Until the death of M. Lewin, the insured, appellee had no cause of action. Neither had any loss, which in any way affected her occurred. Upon his death in Tarrant county her cause of action arose, and the loss which occasioned same took place in said county.

Appellees further contend that the district court of Hood county has jurisdiction by reason of the statute authorizing suit to be maintained "where the policyholder or beneficiary instituting such suit resides," their contention being that under said provision of the statute a suit could be instituted by a beneficiary in the county where the policyholder lives. We do not think this is the proper construction to put on this statute. As before stated, the Legislature in 1925 eliminated the provision in the venue statute which authorized a suit to be brought on a life or accident insurance policy in the county where the insured lived at the time of his death or injury. This, to our mind, is at least persuasive that it did not intend the courts to construe the statute as now written to mean that a suit could be maintained by the beneficiary in the county where the insured lived prior to his death. We think the correct interpretation to be put on said statute is to authorize the suit to be filed where the party instituting same lives at the time suit is filed. If the suit had been brought by M. Lewin during his life, by reason of an accident, then under the wording of that statute he could have maintained the same in the county of his residence. Since he did not institute the suit, but the beneficiary named therein has instituted the suit, and she is a resident of New York, she cannot, under the provisions of this statute, maintain a suit in the county where Mr. Lewin lived. We do not think the statute is capable of the construction attempted to be placed thereon by appellees.

We think the trial court was in error in overruling appellant's plea of privilege. The judgment of the trial court is reversed, and the cause remanded, with instructions to the trial court to sustain appellant's plea of privilege and transfer the case to Tarrant county.