**GOLDEN STATE MUTUAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Rubye L. SUMMERS, Appellee.**

**No. 15808.**

Court of Civil Appeals of Texas.

Fort Worth.

April 19, 1957.

W. J. Durham, Dallas, for appellant.

Green, Byrom & Wright, and Robert C. Green, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is a suit by the beneficiary under a health and accident policy against the issuing insurance company for death benefits therein provided in the amount of $1,000. Judgment was for the plaintiff, Rubye L. Summers, mother of the deceased insured, and against the defendant, Golden State Mutual Life Insurance Company, which has appealed.

Judgment reversed and cause remanded.

There was no question other than whether the policy provisions so reduced the general coverage and so excepted its liability

that the insured's injuries resulting in death fell without the protection contracted.

The policy contains the following provisions:

"Hereby Insures the person named as Insured * * * against loss resulting directly and independently of all other causes from bodily injuries * * * effected solely through accidental means, herein called 'such injuries'; * * * subject to the provisions, conditions and limitations herein contained. * * *

"Part I          Death * * *

"If 'such injuries' within ninety days from date of accident shall result in one of the losses specified under 'Specific Losses,' the Company will pay the sum set opposite such loss.

"Specific Losses

"Loss of Life......................
The Principal Sum          ($1,000.00)
"*     *     *     *     *     *

"Part IX Exceptions and Reductions
*     *     *     *     *     *

"(c) This insurance does not cover injuries, death or other loss * * * to which a contributing cause is the Insured's commission of, or attempt to commit, a felony * * *; nor does it cover injuries, death or other loss incurred * * * while the Insured is under the influence of intoxicants, * * *."

Events culminating in the death of the insured, a young colored female, involved her activities which took place at the 20–20 Bar in the City of Fort Worth. On the night preceding her death she repaired to said premises where she drank some beer, interrupting this activity by chasing one Negro man out one door of the place, and another one around the bar and out the other door. In the course of chasing each of them, she was wielding an open knife with which she was making cutting or stabbing motions. A question involved would be whether said deceased was engaging in "horseplay" or was actually demonstrating a pugnacious propensity. After the foregoing had occurred, she resumed her seat at her table, and a short while afterward she rose to her feet and walked to a table occupied by several persons, one of whom was Josephine Robinson. As she approached the table she again had her knife in hand. Upon reaching the table she leaned upon it and said, " 'Josephine, you think you are bad, don't you?' " following up the remark with at least the beginning of a cutting or stabbing motion with her knife.

At this point Josephine Robinson presented a pistol above the table top and discharged it into the insured, who fell to the floor with her knife beside her. The evidence in the record is inconclusive as to whether Josephine actually felt herself threatened with bodily harm at the time, though it is indisputable that she was committed to the policy—"speak softly, but carry a big stick." The insured died from her wound.

Believing herself entitled as the beneficiary to the proceeds of the insurance policy, the deceased insured's mother proceeded to take steps to collect the same, despite the company's failure and refusal to pay. Suit was filed, issues joined, and the case submitted to the jury. The trial court submitted in its charge the question of the deceased insured's intoxication and the question of whether she received her fatal injuries as the result of her commission, or attempted commission, of a felony. The burden of both sets of issues so submitted was cast upon the company over its objection. The company had plead affirmatively its defenses based upon contentions in each respect, as required by Texas Rules of Civil Procedure 94.

The company's first group of points complain that the trial judge erred in "overruling and not sustaining" its objections and exceptions to the special issues in the charge submitted to the jury. The basis of the company's complaint is its claim that by such issues the burden of proof was erroneously placed upon it rather than upon the plaintiff. We are compelled to agree with the company in its contentions,

for under a policy such as this, the beneficiary, in order to recover the death benefits, must establish by a preponderance of the evidence the negative of the company's allegations that death was due to a risk falling within the exceptions of the policy. Continental Casualty Co. v. Fountain, Tex. Civ.App. Dallas, 1953, 257 S.W.2d 338, error refused.

■ Since the plaintiff is required by law to so establish such negative, it follows that the plaintiff must carry the burden on the special issues by which the jury settles the controversy. Since the trial court placed this burden upon the defendant company, reversible error appears. T. R.C.P. 94; cases under 22 Texas Digest, "Insurance", ■

The rationale of this rule is explained in 24–B Tex.Jur., p. 901, et seq., "Insurance", sec. 459, "Excepted Risks Generally."

■ In this instance, the exceptions and reductions excepted out of the general portions of the policy the risk of the insured's death while in a state of intoxication or while committing or attempting to commit a crime of the grade of felony. Perforce the provisions of T.R.C.P. 94, complied with by the company in pleading said excepted matter, the burden became incumbent upon the plaintiff to prove that the insured's death fell within the policy coverage as so restricted. This burden included plaintiff's responsibility to have special issues submitted and answered establishing the insured's nonintoxication and that she was neither committing nor attempting to commit a felony.

We have examined the remaining points of error presented by the company, and, in view of the condition of the pleadings, admissions on file, evidence, and form of the company's refused specially requested issues, have concluded that it would be proper to overrule all of such points. Accordingly, they are overruled.

Judgment reversed and cause remanded.