**FARM AIR SERVICE, Inc., Appellant,**

v.

**HOUSTON FIRE AND CASUALTY INSURANCE COMPANY, Appellee.**

No. 10538.

Court of Civil Appeals of Texas.

Austin.

Jan. 15, 1958.

Rehearing Denied Feb. 5, 1958.

Barnes & Barnes, Beaumont, for appellant.

Niemann & Babb, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order overruling a plea of privilege.

This suit was instituted by Houston Fire & Casualty Insurance Company, a private corporation, with its main office and principal place of business in Fort Worth, Tarrant County, Texas, appellee herein, against Farm Air Service, Inc., a private corporation domiciled in Jefferson County, Texas, appellant herein, for the purpose of collecting certain excess premiums over and above the "estimated" or "deposit" or "initial" premiums that were stated in the declarations in the policies.

The policies are issued in accordance with the exclusive rules and procedures established for risks by Article 5.76, Insurance Code of Texas, V.A.T.S., and reads in part:

"From and after the date the rules made and adopted under paragraph (e)

have been approved by the Board the procedures and remedies established under this Article shall be the sole and exclusive procedure and remedies, either at law or in equity, of any applicant for such insurance whose insurance has been rejected or cancelled by any company or association.

"(d) When any such rejected risk is called to the attention of said Agency and it appears that said risk is in good faith entitled to insurance, said Agency shall calculate the deposit premium therefor in accordance with the classifications and rates promulgated by the Board and upon payment thereof, the Agency shall designate a member whose duty it shall be to issue a policy on such form and for such limits of liability as shall be prescribed by the Board as provided in paragraph (g) of this Article, but the undertakings of said policy shall be entirely reinsured by all members of said Agency, and the liability of the member issuing said policy shall be limited to its liability as a reinsurer. * * *"

Appellant filed its plea of privilege to be sued in its home county and appellee filed a controverting affidavit asserting that venue could be retained in Travis County under Subdivisions 5 and 23 of Article 1995, Vernon's Ann.Civ.St. After a hearing the plea was overruled.

The appeal is based on three points assigned as error and are to the effect that the Court erred in overruling the plea because appellee failed to establish by any sufficient proof necessary venue facts to make any exception to venue in appellant's residence, and in holding that appellee's evidence revealed a right to retain venue in Travis County, under Subdivision 5 of Article 1995, or under authority of Subdivision 23 of Article 1995.

There is no issue as to the fact that plaintiff is a corporation domiciled in Tarrant County and that defendant is a corporation domiciled in Jefferson County.

Appellee takes the position that its suit can be maintained in Travis County under Subdivision 23 of Article 1995, providing that suits against a private corporation may be brought in the county in which the cause of action or part thereof arose.

Paragraph (c) of Article 5.76, Insurance Code, provides for the establishment of insurance for any risk which shall have been tendered to and rejected by any member, that rules made and adopted under paragraph (e) and remedies established shall be the sole and exclusive procedure and remedies, either at law or in equity, of any applicant for such insurance.

Paragraph (d) provides that when any rejected risk is called to the attention of the agency that the deposit premium shall be calculated in accordance with the classifications and rates promulgated by the Board, and upon payment thereof that the agency shall designate a member to issue a policy.

Article III provides that the agency shall:

"2. Establish and maintain an office in Austin, Texas to carry out the requirements of the Act."

Article VII, Section 3 provides:

"* * * All premium collections * * * shall be deposited into the 'Assigned Risk Pool Fund.' [This Fund is maintained in Austin, Texas.]"

"IV. (a) Upon receipt of application, the General Manager shall establish classifications and determine the initial premium based upon the procedure set forth in Items Nos. V and VI as hereinafter provided and, following payment thereof by certified check, money order or bank draft, shall designate a Servicing Company to carry the risk, the coverage to commence not sooner than 12:01 A.M., on the day

following receipt of the premium by the Agency, * * *"

"VII. An employer who does not pay the advance premium or earned premium when due or who does not otherwise comply with the provisions of Article 5.76 Section H of the Insurance Code of Texas shall not be considered in good faith and shall not be entitled to insurance."

The venue question is:

"Did Appellee's cause of action or any part thereof arise in Travis County, Texas so as to constitute an exception to the general venue rule under Subdivision 23, Art. 1995, R.C.S.?"

Appellee concedes that there are no facts authorizing an exception under Subdivision 5.

Under the provisions of Article 5.76, the application for the policies of insurance was made to the "Assigned Risk Pool", and the "Pool" issued a "Binder" providing for temporary emergency insurance for a period of ten days. The risk was later assigned to Houston Fire & Casualty Insurance Company, which company did enter into such contract of insurance with appellant.

We recognize that the right of trial in the county of a defendant's domicile is a valuable one and unless the case filed against him comes within one of the exceptions to Article 1995 a plea should be sustained.

In order for plaintiff herein to maintain venue of this suit in Travis County under the authority of Subdivision 23 of Article 1995, there must be a pleading of and proof by a preponderance of the evidence that this cause of action arose in whole or in part in Travis County, and the truth of the exception must be clearly established.

We believe that appellee has sufficiently plead a cause of action maintainable in Travis County and has sustained the burden of showing by a preponderance of the evidence that the cause of action arose, either in whole or in part, in Travis County.

The suit was instituted to collect premiums claimed to be due upon two policies of insurance, discovered to be due by a general audit made by appellee.

The Binder issued by the Pool is as follows:

"Binder for Workmen's Compensation Insurance

"Texas Workmen's Compensation Assigned Risk Pool
Austin, Texas
hereby acknowledges itself bound by a Workmen's Compensation Insurance undertaking, the subject matter of the insurance being described in the employer's application on file with this Pool, and the said undertaking being subject to all the terms and conditions of the approved form of policy contract. This Binder shall end at 12:01 A.M., Standard Time, on the expiration date shown below. This undertaking will be evidenced by a policy contract to be issued by the following company as the servicing carrier: Houston Fire and Casualty Insurance Company

| "Insured Employer Address | Farm Air Service Inc. Nome, Texas |
|---|---|
| Effective date of this Binder Date March 26, 1954 12:01 A.M. | Expiration date of this Binder Date April 5, 1954, 12:01 A.M. |

12:01 A. M.

"In Witness Whereof, the Texas Workmen's Compensation Assigned Risk Pool has caused this binder to be signed by its Manager, at Austin, Texas.

"Texas Workmen's Compensation Assigned Risk Pool

Date      By s/ A. F. Raynsford
March 26, 1954      A. F. Raynsford, Manager

"No Pool Surcharge."

The Assigned Risk Pool Insurance Endorsement on the policy is as follows:

"This endorsement effective March 26, 1955, forms a part of policy No. WC 571675 issued to Farm Air Service Incorporated by Houston Fire and Casualty Insurance Co.

"It is agreed that the Policy of which this endorsement forms a part does not afford insurance under Coverage B with respect to injuries or death sustained outside the State of Texas, and that the provisions of Insuring Agreements II, III and IV shall not apply with respect to injuries or death sustained outside the State of Texas for which no insurance is afforded under Coverage B, provided, however, that the provisions of this paragraph of this endorsement shall not apply to liability of Employer on account of injuries to or death of persons who are Texas employees within the meaning of, and subject to the Workmen's Compensation Law of Texas under circumstances where the Employer is deprived of none of his defenses at common law or in admiralty.

"It is further agreed that the premium basis as described in Condition 1 of the policy shall include the entire remuneration of all persons occupying the status of Texas employees under the Workmen's Compensation Law of Texas, or the Longshoremen's and Harbor Workers' Compensation Act, irrespective of where they work in the business operations described in the Declarations.

"It is agreed that the Standard Workmen's Compensation and Employers' Liability Policy of which this endorsement forms a part is issued by the Company as a means of effecting the plan of reinsurance provided for in Article 5.76 of the Insurance Code of Texas, and the liability of the Company under this Policy shall be limited to its liability as reinsurer, as provided in said Article.

"This endorsement is subject to all the terms, conditions and exclusions of the policy and of forms and endorsements attached thereto which are not inconsistent herewith.

     s/ E. W. Long
         Authorized Representative."

We believe that the contract for the insurance was made in Travis County, Texas and that suit will lie in Travis County.

Highway Insurance Underwriters v. Pyeatt, Tex.Civ.App.1950, 234 S.W.2d 457; Curtis Peanut Co. v. United Sales Co., Tex.Civ.App.1955, 283 S.W.2d 113.

The Binder issued by the Pool, and the Assigned Risk Pool Reinsurance Endorsement attached to the policies show that the contract is between appellant and the Pool. Appellee is the servicing carrier acting on behalf of, at the direction of and as a member of the Pool. All premiums collected on the policies are deposited in the "Assigned Risk Pool Fund" in a Bank in Austin. Losses occurring under the policies are paid by the Pool out of its Fund in Austin.

By-laws of the Pool, Art. VII, Sec. 3.

The judgment of the trial court is affirmed.