COMBINED AMERICAN INSURANCE
COMPANY, Appellant,

v.

C. C. TUNNELL, Appellee.

No. 3355.

Court of Civil Appeals of Texas.

Eastland.

Feb. 28, 1958.

Joseph A. Chandler, Stephenville, for appellant.

Ennis Favors, Stephenville, for appellee.

COLLINGS, Justice.

C. C. Tunnell brought suit against Combined American Insurance Company, a corporation, on an accident policy alleged to have been issued and delivered to him by the defendant insurance corporation. Plaintiff alleged that on the 19th day of December, 1956, while said policy was in full force and effect he sustained an accidental injury to his hip which incapacitated him and necessitated a major operation. He alleged that by reason of such injury he has and will suffer total and permanent incapacity from performing work. Plaintiff sought judgment under the policy for benefits provided therein for loss of work, doc-

tor and hospital bills, for reasonable attorney's fees and the 12 percent statutory penalty provided by Article 3.62 (Insurance Code), Vernon's Ann.Texas Civil Statutes, because of defendant's failure to timely pay plaintiff's claim after demand was made therefor. The defendant answered and denied liability under the policy on the ground that the condition of plaintiff's hip, for which he sought recovery, was not effected exclusively of all other causes by accidental means as required by the policy, and that plaintiff's loss was, contrary to the terms of the policy, contributed to by disease. The case was tried before a jury and based upon its verdict judgment was entered against the defendant for $940, including $510 for loss of work, $240 for doctor and hospital bills, $90 statutory penalty and $100 attorney's fees. Combined American Insurance Company has appealed.

The policy upon which appellee based his claim contained the following provision:

"In consideration of the payment of semi-annual premium of $15.00, and subject to the provisions, definitions, statements and limitations contained herein, the company does hereby insure the owner of this policy (herein called the insured and whose name appears as the applicant in the application, a copy of which is endorsed upon this policy) against loss caused by bodily injuries occurring while this policy is in force effected exclusively of all other causes by accidental means and which loss or injuries are in no way caused or contributed to by disease (hereafter referred to as 'such injuries')."

The court inquired of the jury in special issue number 4 whether plaintiff's "loss from work * * * was in no way caused or contributed to by disease". The answer of the jury to this issue was that "the loss of work was not caused by disease".

■ Appellant contends that the court erred in rendering judgment for the plaintiff when there was no finding by the jury that the loss of work for which plaintiff sought recovery was not contributed to by disease. The point is well taken. To recover for loss under the policy sued upon plaintiff had the burden to establish that the loss of work resulting from his injury was caused by means and under circumstances therein provided. There was no provision in the policy which permitted plaintiff to recover for any loss contributed to by disease. The policy insured appellee against loss which among other things was "in no way * * * contributed to by disease". Appellee therefore had the burden to establish that his loss of work was not contributed to by disease. The trial court submitted that question to the jury but the jury refrained from answering it. Since there was no finding that the loss of work was not contributed to by disease and the evidence is not conclusive that it was not so contributed, plaintiff failed to establish all of the facts necessary for his recovery. 41–B Tex.Jur. 832; Bethea v. National Casualty Co., Tex.Civ.App., 307 S.W.2d 323 (Writ Ref.); 29 Am.Jur. 750.

■ We cannot agree with appellee's contention that the finding in answer to special issue number 5 that appellee's "injury" was effected exclusively of all other causes by accidental means was in effect a finding that appellee's "loss of work" was not contributed to by disease, thereby supplementing and supplying the deficiency in the jury's answer to special issue number 4. There might be an injury effected exclusively of all other causes by accidental means and a subsequent loss of work resulting in part from the accidental injury but contributed to by disease.

■ Appellee further urges consideration of the fact that appellant made no objection at the time to the action of the trial judge in accepting the defective verdict. He urges that such a procedural error must be timely called to the attention of the trial court, in order that the court may have an opportunity to correct it;

**78**

that in the absence of objection and complaint prior to the time the verdict is accepted and the jury discharged appellant waived the procedural defect and has not preserved the point for review on appeal. In support of this contention appellee cites Lewis v. Texas Emp. Ins. Ass'n, 151 Tex. 95, 246 S.W.2d 599. We cannot agree that the cited case is in point. In that case a defensive issue which the defendant had the burden to establish was not answered. It was held by our Supreme Court that the defendant had the burden of preserving the error because he was the only party who could benefit by securing a reconsideration by the jury. In the instant case the fact situation is just the reverse. The issue of whether plaintiff's loss from work was in no way caused or contributed to by disease was plaintiff's issue. His right to recover depended upon a finding that his loss of work was not caused or *contributed to* by disease, and there was no finding that disease did not contribute to his loss of work. Plaintiff was the only party who could benefit from a reconsideration by the jury of its incomplete answer to special issue number 4. Appellant did not waive the right to urge this matter on appeal by failing to call it to the attention of the court before the verdict was received and accepted. The point is sustained.

The matters discussed require that the judgment be reversed and the cause remanded. Since this is true and upon another trial the evidence may be more fully developed concerning the matter of whether appellee's loss of work was in no way caused or contributed to by disease, we refrain from a discussion of appellant's points complaining of the absence or insufficiency of the evidence to support the verdict. Points complaining of alleged error in overruling appellant's motions for an instructed verdict and for judgment non obstante veredicto are overruled.

For the reasons stated the judgment of the trial court is reversed and the cause is remanded.