SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Appellant,

v.

Mrs. Mae ALEXANDER, Appellee.

No. 7132.

Court of Civil Appeals of Texas.

Texarkana.

June 16, 1959.

Ramey, Brelsford, Hull & Flock, Tyler, for appellant.

Baldwin & Baldwin, Marshall, for appellee.

FANNING, Justice.

Mrs. Mae Alexander, widow of E. R. Alexander, deceased (and other parties who were later dismissed), sued Southern Farm Bureau Casualty Insurance Company in the District Court of Harrison County, Texas. Defendant, a foreign corporation, filed its plea of privilege seeking the transfer of the cause to McLennan County, Texas, the county of its Texas residence, which plea was controverted by plaintiff relying on venue under exceptions 27 and 28 to Art. 1995, Vernon's Ann.Civ.St. The trial court, without the intervention of a jury, heard and overruled defendant's plea of privilege. Defendant has appealed.

Appellant presents three points wherein it contends to the effect that the trial court erred in overruling the plea of privilege because appellee wholly failed to prove by a preponderance of the evidence that the action was maintainable in Harrison County, Texas, under either exception 27 or exception 28 or any other exception to Art. 1995, V.A.C.S.

Mrs. Mae Alexander and her deceased husband, E. R. Alexander, at all times material hereto, were residents of Minden, Louisiana. Appellant insurance company is a foreign corporation but maintains a Texas residence and domicile in McLennan County, Texas—it also had no agency or representatives in Harrison County, Texas.

On or about September 7, 1957, appellant insurance company, through its agent in Minden, Louisiana, issued an insurance policy to E. R. Alexander which contained, among other things, a so-called "death indemnity coverage" which provision provided in substance that appellant would pay the principal sum ($5,000) in the event the death of the insured resulted directly and independently of all other causes from bodily injury caused by accident and sustained by the insured through being struck by an automobile. Mrs. Alexander, as beneficiary under the policy, in this cause sought recovery of $5,000 on said "death indemnity coverage" feature of said insurance policy.

The only evidence offered by plaintiff was her own testimony and a certified copy of a death certificate relating to the death of E. R. Alexander. Plaintiff Mrs. Alexander testified to the effect that she and her husband, E. R. Alexander, were visiting in the town of Leigh in Harrison County, Texas, on or about October 25, 1957, when a truck rolled back against Mr. Alexander, inflicting injury to him, that they went home to Minden, Louisiana, and that on October 26, 1957, Mr. Alexander entered a hospital at Shreveport, Louisiana, and remained there until he died there on November 3, 1957. Mrs. Alexander attempted to testify to the effect that the said injury caused her husband's death, but on objection of defendant this offered testimony was properly excluded by the trial court.

No proof was offered to show that appellant had any agency or representative in Harrison County, Texas. It was undisputed that appellant was a foreign corporation

with its Texas residence or domicile being in McLennan County, Texas. It was further undisputed that the insurance policy in question was not written, executed, or delivered in Harrison County, Texas.

Under exception 27 to Art. 1995, V.A.C.S., a plaintiff has the right to sue a foreign corporation in any county (a) where the cause of action or a part thereof accrues; or (b) where the defendant may have an agency or representative; or (c) in the county in which the principal office of such company may be situated; or (d) in the county where plaintiff resides if the defendant has no agent or representative in the State of Texas.

Appellee offered no proof on the requirements b, c and d, supra. As we understand appellee's position, she contends that she proved a part of a cause of action accruing in Harrison County sufficiently to maintain venue therein under exception 27 of the venue statute. Appellee's view seems to be that proof of the injury in Harrison County proves that a part of the cause of action accrued in Harrison County.

Therefore, in order for appellee in this cause to maintain venue in Harrison County, Texas, under said exception 27, it was necessary for her to prove (1) that she had a cause of action against appellant, and (2) that the cause of action, or a part thereof, accrued in Harrison County, Texas. See the following authorities: Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, and General Motors Corp. v. Ewing, Tex.Civ.App., 300 S.W.2d 714.

In Victoria Bank & Trust Co. v. Monteith, supra, 158 S.W.2d 63, 67 it is stated:

"A cause of action does not accrue or arise unless there is a cause of action. To prove that a cause of action has arisen in his favor a plaintiff must prove that he in fact has a cause of action."

In General Motors Corp. v. Ewing, supra, 300 S.W.2d 714, 718, it is stated:

"Although plaintiff did not specifically allege that venue was laid in Van Zandt County under subdivisions 23 and 27, Art. 1995, Vernon's Ann.Civ. Sts., yet his controverting affidavit did specifically allege 'That because at least a part of the cause of action arose in Van Zandt County, Texas, this court has venue to try said suit.' Much has been written on subdivisions 23 and 27 of our venue statute and it is now well settled that for plaintiff to sustain venue in the county where the cause of action or a part thereof arose, the plaintiff must prove that he has a cause of action against the defendant by a preponderance of the evidence." Citing Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, and other cases.

The term "cause of action" as related to the venue statutes was defined in Birkes v. Lloyds Casualty Insurer, Tex.Civ.App., 209 S.W.2d 438, 440, as follows:

"A cause of action consists not alone of the genesis of the right but of the breach of the right, and in order to maintain the suit in some county other than that in which the corporation's principal place of business is located, it is necessary and only necessary that some part of the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is filed."

For similar definitions also see the following cases: Brown Cracker & Candy Co. v. Jensen, Tex.Civ.App., 32 S.W.2d 227; Hoffer Oil Corporation v. Brian, Tex.Civ. App., 38 S.W.2d 596; San Jacinto Life Ins. Co. v. Boyd, Tex.Civ.App., 214 S.W. 482.

Before there can exist a "part of a cause of action" there must first exist a cause

of action. Home Ins. Co., New York v. Barbee, Tex.Civ.App., 166 S.W.2d 370.

■ Also where a contract (such as an insurance policy) is involved, suit is maintainable either in the county where the contract was made or in the county where it was performable or breached by the defendant, viz., where the loss occurred and the defendant failed to pay. In the case at bar the insurance policy contract itself was the primary right of plaintiff and the alleged breach of it was the failure of the defendant to pay for the loss, to wit, the death of E. R. Alexander. In this connection, see United Appliance Corporation v. Boyd, Tex. Civ.App., 108 S.W.2d 760.

It is stated in Stone Fort National Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674, 676:

"* * * the provision of exception 23 of article 1995, supra, which permits 'a private corporation, association or joint stock company' to be sued 'in any county in which the cause of action, or a part thereof, arose,' means that either some part of the transaction creating the primary right, or some part of the transaction *relating to the breach of that right,* must have occurred in the county where suit is brought." (Emphasis added.)

In Gleason v. Southwestern Sugar & Molasses Co., Tex.Civ.App., 214 S.W.2d 640, a venue suit involving exception 23 to the venue statute, it was held that the making of a valid contract and its breach, with resulting damage, gives rise to "a cause of action" and that consequently, within the meaning of exception 23 to the venue statute, such a cause of action arises in part within the county where the contract was *made* or where it was *breached.*

In the case at bar the insurance contract in question was not made in Harrison County, Texas; the loss insured against, to wit, the death of E. R. Alexander (in the manner provided in the policy) did not occur in Harrison County, Texas, and the alleged breach of the contract (failure to pay) did not occur in Harrison County, Texas. Consequently if appellant had any cause of action no part thereof *accrued* in Harrison County, Texas, under exception 27 to the venue statute.

Furthermore, under the death indemnity provision of the policy for appellant to prove "a cause of action" it was necessary that she prove by a preponderance of the evidence that the death of E. R. Alexander resulted *"directly and independently of all other causes* from bodily injury caused by accident and sustained by the insured while in or upon or while entering or alighting from, or through being struck by, an automobile" as outlined by the above-quoted provisions of the policy. See the following authorities: Golden State Mutual Life Ins. Co., v. Summers, Tex.Civ.App., 301 S.W.2d 491; Combined American Ins. Co. v. Tunnell, Tex.Civ.App., 311 S.W.2d 76.

■ As hereinbefore stated, the only evidence offered by appellee was her own testimony and the certified copy of the death certificate. Appellee's own testimony was wholly insufficient to support a finding that the death of E. R. Alexander resulted *directly and independently of all other causes* from bodily injury caused by accident and sustained by him while in or upon, or while entering or alighting from, or through being struck by an automobile. The certified copy of the death certificate in question was offered by appellee without limitation and among other things shows that there were other significant conditions such as chronic nephritis and coronary insufficiency contributing to the death of E. R. Alexander other than contusion or rupture of the right kidney which by inference he could have received as a result of being injured by the automobile. After carefully analyzing all of the recitals in the death certificate, it is our opinion that such death certificate is insufficient to support a finding that the death of E. R. Alexander resulted *"directly and independently of all other causes* from bodily injury caused by accident and

sustained by him while in or upon, or while entering or alighting from, or through being struck by an automobile."

■ We hold that appellee failed to sustain venue in Harrison County, Texas, under exception 27 to Art. 1995, V.A.C.S., and appellant's first point is sustained.

■ The pertinent portions of exception 28 to Art. 1995, V.A.C.S., read as follows:

"* * * Suits on policies may be brought against any life insurance company, or accident insurance company or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, *or in the county where loss has occurred* or where the policy holder or beneficiary instituting such suit resides."

It was undisputed that appellee, who instituted the suit as beneficiary under the policy in question, at all times material hereto, resided in Minden, Louisiana, and not in Harrison County, Texas. No loss under the death indemnity feature of the policy sued on occurred until E. R. Alexander died. His death occurred in Shreveport, Louisiana, and therefore the "loss" occurred in Shreveport and not in Harrison County, Texas. See Fidelity & Casualty Co. of New York v. Lindsay, Tex.Civ. App., 10 S.W.2d 580, 581, wherein it is stated:

"The question as to where the loss occurred under a life insurance policy, for the purpose of fixing venue, has been passed on by a number of states having similar provisions as that contained in our statute, and without exception the rule seems to be that the loss occurred where the insured died."

Appellee failed to sustain venue in this case in Harrison County, Texas, under exception 28 to Art. 1995, V.A.C.S., and appellant's second point is sustained.

Appellee failed to prove by a preponderance of the evidence that her action was maintainable in Harrison County, Texas, under any exception to Art. 1995, V.A.C.S., and appellant's third point is sustained.

The judgment of the trial court is reversed and the cause is remanded with instructions that this cause be transferred to the district court of McLennan County, Texas.

Reversed and remanded with instructions.