## PAN AMERICAN EQUIPMENT COMPANY et al., Appellants,

v.

## GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, Appellee.

No. 16722.

Court of Civil Appeals of Texas.

Dallas.

April 22, 1966.

Rehearing Denied May 20, 1966.

Eugene Goldgar, Houston, for appellants.

Harless, Bailey & Youngblood, Bruce Youngblood, Dallas, for appellee.

DIXON, Chief Justice.

Appellee Great American Insurance Company of New York brought suit in Dallas County against James R. Cornish individually and Midwestern Equipment Company, a corporation, and Pan American Equipment Company, a corporation, for premiums alleged to be due on a policy of workmen's compensation insurance. James R. Cornish is a resident of Harris County, Texas. The two corporate appellants maintain their principal offices and domiciles in Harris County. None of the appellants maintains an office or has an agent in Dallas County.

Each of appellants filed a plea of privilege seeking to have the cause transferred to Harris County. In its controverting affidavits appellee alleges that venue may be maintained in Dallas County under Article 1995, Subdivision 23, Vernon's Annotated Civil Statutes, because the cause of action or part thereof arose in Dallas County. The parties agree that James R. Cornish is a necessary party and venue as to him may be maintained in Dallas County under Subdivision 29a if venue may be maintained in Dallas County as against the two corporate parties under Subdivision 23.

The only issue before us is whether the cause of action or any part thereof arose in Dallas County, Texas.

The material facts as we see them are not really disputed. James R. Cornish, originally doing business as Pan American Equipment Company, had requested Donald Gartner, of the Cochran Insurance Agency in Houston, Texas, to write his compensation insurance. Cornish had been placing his insurance with Gartner for about ten years. When Pan American Equipment Company was incorporated the insurance was written in its name as well as in the name of Cornish and the name of Midwestern Equipment Company, which owned some of the equipment being used. At the time of the suit Cornish was president and vice-president respectively of the corporate appellants. The policy here involved is a renewal policy.

The policy was filled out on the typewriter in appellee's office in Dallas County. Since it covered operations in the State of Mississippi as well as Texas it had to be countersigned by appellee's agent in Mississippi. The Mississippi agent had countersigned slips of paper in Mississippi and had sent them to appellee in Dallas County. One of these countersigned slips of paper was attached to the policy in appellee's Dallas office.

On the last page of the policy there is this statement, "In witness whereof, the Company has caused this policy to be executed and attested, *but this policy shall not be valid unless countersigned on the declarations page by a duly authorized agent of the Company.*" (Emphasis ours.) On the first page of the policy there appears this statement, *"Countersigned at Houston, Texas by Cochran's Insurance Agency, Donald H. Gartner, Authorized Representative."* (Emphasis ours.)

An employee of appellee testified that Gartner is with the Cochran Insurance Agency which is a Houston representative of appellee and is domiciled in Houston, Texas. Gartner is an authorized representative of appellee.

Three of appellee's employees testified—its Supervising Premium Auditor, its Ad-

ministrative Manager and its Regional Accountant. None of them had ever had any direct dealings with James R. Cornish or the corporate appellants, none of them had ever seen Cornish before he appeared in court for the hearing on the pleas of privilege.

There is no evidence that after the Mississippi countersignature slip was attached in Dallas the policy was delivered directly from Dallas to appellants. The testimony is to the effect that the policy was sent from appellee's Dallas office to Houston to the Cochran Insurance Agency, where it was countersigned by Gartner in behalf of the Houston agency, before being delivered to appellants. Cornish testified that the policy was delivered to appellants in Houston by Cochran Insurance Agency either by Gartner in person or by mail from the Cochran Agency. Cornish had never had any dealings of any kind with appellee in Dallas.

The billing for premiums due was sent to appellants by Cochran Insurance Agency. The premiums paid by appellants were sent to Cochran Insurance Agency.

It is our opinion that the initiation, consummation and breach, if there was a breach, of this contract occurred in Harris County, Texas. Therefore venue of the suit properly lies in Harris County under Art. 1995, Subdivision 23, V.A.C.S. Gleason v. Southwestern Sugar & Molasses Co., 214 S.W.2d 640 (Tex.Civ.App., no writ hist.); Planters Cotton Oil Co. v. Whitesboro Cotton Oil Co., 146 S.W. 225 (Tex. Civ.App., no writ hist.).

In oral argument appellee asserted that constructive delivery of the policy to appellants occurred in Dallas County (thus consummating the contract in Dallas County) when the policy was mailed in Dallas addressed to appellants. But we find no evidence that the policy was mailed in Dallas addressed to appellants. The evidence is that the policy was sent to appellee's authorized agent in Houston, Cochran Insurance Agency, where it was countersigned pur-

suant to Art. 21.09 of the Insurance Code, V.A.T.S., then delivery was made in Houston to appellants.

Appellee also asserted in oral argument that the countersigning of the policy in Houston was not really essential to the validity of the policy notwithstanding the declaration in the policy that " * * * this policy shall not be valid unless countersigned on the declarations page by a duly authorized agent"—that the only effect if appellee had failed to have the policy countersigned would have been merely to subject appellee to a penalty. However that may be, the undisputed evidence is that the policy was countersigned in Houston by appellee's authorized agent. This together with the testimony of Cornish would certainly indicate that the policy was sent to the Houston agent for countersigning in compliance with the law before being delivered to appellants.

The evidence is further undisputed that appellee never billed appellants from its Dallas office. The billing for premiums due was sent to appellants from Cochran Insurance Agency in Houston. There is no evidence that the breach of the contract, that is, failure to pay the premiums due, occurred in Dallas County.

Among other cases cited by appellee are Farm Air Service, Inc. v. Houston Fire & Casualty Ins. Co., 309 S.W.2d 510 (Tex. Civ.App., no writ hist.) and Southern Farm Bureau Casualty Ins. Co. v. Alexander, 326 S.W.2d 644 (no writ hist.). Neither of the above cases is in point.

The Farm Air Service case involved the assigned risk statute, Art. 5.76 of the Insurance Code. Premiums were paid into the "pool" at Austin and losses were paid out of the pool. Neither the facts nor the legal obligations of the parties are analogous to those in the instant case. The facts in the Southern Farm Bureau case are also so materially different from the the facts presented in this case as to make the holding there inapplicable here.

Appellants' point on appeal is sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court with directions to sustain appellants' pleas of privilege and transfer the cause of action to Harris County, Texas for trial.

Reversed and remanded.