**894**

**RESERVE LIFE INSURANCE COM-
PANY, Appellant,**

v.

**Joe EVANS, Appellee.**

**No. 4870.**

Court of Civil Appeals of Texas,
Waco.

Jan. 15, 1969.

Joe B. Humphreys, Dallas, for appellant.

Tom Moore, Jr., Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is a venue case involving Subdivision 23, Article 1995 Vernon's Ann.Tex. Civ.St. Plaintiff Evans filed this suit in McLennan County against defendant Insurance Company, on a contract of life insurance issued by defendant on the life of Rose Evans. Defendant filed plea of privilege to be sued in Dallas County, the county of its residence. Plaintiff controverted asserting venue in McLennan by virtue of Section 23, Article 1995 V.A.T.S.

Trial was before a court without a jury, which after hearing, overruled defendants plea of privilege.

Defendant appeals on 4 points, contending the trial court erred in overruling its plea of privilege.

The evidence shows that the contract of life insurance sued on was made in McLennan County, and that defendant is a corporation.

Subdivision 23, Article 1995 provides that suits against corporations may be brought "in the county in which the cause of action or part thereof arose".

The making of the contract is a part of the cause of action. In the case at bar the venue facts are: 1) that the defendant is a corporation, and 2) that the contract was made in the county where suit was brought. Highway Ins. Underwriters v. Pyeatt, Tex.Civ.App., Mandamus overruled, 234 S.W.2d 457; Western Wool Comm. Co. v. Hart, S.Ct., 20 S.W. 131; Sani-Serv Freezer Sales Inc. v. Coker, Tex.Civ.App., (NWH) 441 S.W.2d 649; Southern Farm Bureau Cas. Ins. Co. v. Alexander, Tex.Civ.App., (NWH) 326 S.W.2d 644; Gleason v. Southwestern Sugar and Molasses Co., Tex.Civ.App., (NWH) 214 S.W.2d 640; Stone Fort Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674.

The judgment is correct. All of defendant's contentions and points are overruled.

Affirmed.