INWOOD NATIONAL BANK OF DALLAS, Appellant,

v.

FIRST BANK & TRUST OF BRYAN, Appellee.

No. 5160.

Court of Civil Appeals of Texas, Waco.

Sept. 7, 1972.

Rehearing Denied Oct. 26, 1972.

Emil Corenbleth, Lawrence Fischman, Dallas, for appellant.

Gardere, Porter & DeHay, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Inwood Bank of Dallas from order sustaining First Bank of Bryan's plea of privilege to be sued in Brazos County.

The Bank of A & M sued Inwood Bank in Dallas County, Inwood Bank filed cross-action against Bank of A & M, and filed third party action against First Bank of Bryan. First Bank filed its plea of privilege to be sued in Brazos County, the County of its residence. Inwood controverted, asserting venue in Dallas County under Subdivisions 7, 29a and 23, Article 1995, Vernon's Ann.Tex.Civ.St.

After hearing the trial court sustained First Bank's plea of privilege.

Inwood appeals on 3 points contending the trial court erred in not holding venue maintainable against First Bank in Dallas County under Subdivisions 7, 29a, and 23, Article 1995.

B–W Construction Company, a Brazos County firm which had construction contracts in Dallas County, had borrowed money from the Bank of A & M and from First Bank of Bryan. Later the loans

were consolidated at First Bank, and Bank of A & M took a participation in the loan, although A & M still had loans to subsidiaries of B–W, and to Mr. Butler, President of B–W, who had endorsed B–W's note to First Bank.

First Bank had a security agreement with B–W whereby First Bank had first lien on B–W's accounts receivable. First Bank had loaned its limit to B–W, and desired Inwood to lend B–W money. Inwood and First Bank signed a contract providing Inwood was to have first lien on B–W's accounts receivable from contracts in Dallas County.

Inwood loaned money to B–W, taking as security B–W's accounts receivable from jobs in Dallas County. B–W thereafter defaulted on all loans.

Inwood's third party action against First Bank alleges Inwood made its loans to B–W induced by fraudulent representations of Bob Lynd, a Vice-President of the Bank of A & M, but whom Inwood asserts was acting as an agent for First Bank.

■ Point 1 asserts venue maintainable in Dallas County against First Bank under Subdivision 7, Article 1995, because of the fraud of Lynd, acting as agent of First Bank.

The record reflects Lynd told the president of Inwood that First Bank had reached its loan limit with B–W; that was why A & M purchased the participation; that Lynd was working closely with B–W; that B–W was making good progress and was in better condition than it had been in some time; that Mr. Butler was a responsible business man; and that thereafter Inwood loaned B–W $50,000 secured by accounts receivable. Thereafter Inwood raised its loan limit to B–W to $80,000 at which time Lynd stated he was keeping in close contact with Mr. Butler and "everything looked okay at that time".

The trial court impliedly found that no fraud was committed by an agent of First Bank. The record is ample to sustain a finding that no fraud was committed by Lynd, and is abundant to sustain finding that Lynd was acting for the Bank of A & M of which he was Vice-President, and not as an agent of First Bank.

Point 1 is overruled.

■ Point 2 asserts the trial court erred in holding First Bank was not a necessary party to Inwood's cause of action against Bank of A & M, and that venue is maintainable in Dallas County under Subdivision 29a, Article 1995.

Inwood's cause of action against Bank of A & M was in part for the breach of an alleged oral agreement allegedly entered into between Inwood, Bank of A & M and First Bank. There is evidence there was no oral contract entered into; that there was discussion between the banks about an agreement, but the agreement was tentative, was to be reduced to writing by a lawyer, sent to Inwood for acceptance; and that Inwood did not accept the agreement.

Point 2 is overruled.

■ Point 3 is "Since Inwood's cause of action against First Bank arose in part in Dallas County, the trial court erred in not maintaining venue under Subdivision 23 of Article 1995".

A portion of Inwood's cause of action is on its written contract with First, executed in December 1968, and which provides Inwood has a first lien on all B–W accounts receivable from contracts in Dallas County. First Bank received 2 checks totaling $7595.62 from Dallas County construction which were not transmitted to Inwood. A portion of Inwood's cause of action is for such funds.

■ Subdivision 23, Article 1995 permits a corporation to be sued in any county in which the cause of action or a part thereof arose. This means either some part of the transaction creating the primary right,

or some part of the transaction relating to the breach, must have occurred in the county in which suit was brought.

The contract between Inwood and First Bank was made in Dallas County. The making of the contract is a part of the cause of action, and venue is thus maintainable in Dallas County under Subdivision 23. Reserve Life Ins. Co. v. Evans, CCA (NWH) 450 S.W.2d 894; Stone Fort Nat. Bank v. Forbess, 126 Tex. 568, 91 S.W.2d 674; Brass Brakes, Inc., v. Brake-O International, Inc., CCA (NWH) 473 S.W. 2d 679.

Point 3 is sustained.

The judgment is reversed and judgment rendered overruling First Bank's plea of privilege.

Reversed and rendered.